Commonwealth v. Campbell.

COMMONWEALTH vs. DOROTHY J. CAMPBELL.

Suffolk.  November 4, 1987. — February 16, 1988.

Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Criminal,* Speedy trial. Dismissal, Plea, Agreement between prosecutor and defendant.

Where a criminal defendant charged with first degree murder was led reasonably to believe she would not be tried by the prosecutor's unconditional promises not to oppose her plea of guilty to manslaughter and to recommend no incarceration beyond time served, she was held not to have acquiesced, when the promises were withdrawn, to a nearly three-year delay in her trial, and thus her motion to dismiss under Mass. R. Crim. P. 36 (b) was correctly allowed. [702-704]

The judge who allowed a motion under Mass. R. Crim. P. 36 (b) to dismiss an indictment, properly relied on the subsidiary findings made by another judge in denying a prior motion to compel the prosecutor to comply with a plea agreement. [704]

INDICTMENT found and returned in the Superior Court Department on July 12, 1982.

The case was heard by *Robert A. Mulligan,* J., on a motion to dismiss.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*John A. Kiernan,* Assistant District Attorney (*Nijole Slezas,* Assistant District Attorney, with him) for the Commonwealth.

*Thomas J. Ford* for the defendant.

O'CONNOR, J. On July 12, 1982, the defendant was indicted for murder in the first degree. In October, 1986, a judge in the Superior Court allowed the defendant's motion to dismiss the indictment. He had concluded that the Commonwealth had failed to bring the defendant to trial within the time required by Mass. R. Crim. P. 36 (b), 378 Mass. 909 (1979). The Commonwealth appealed, and we transferred the case from the

Appeals Court to this court on our own motion. We affirm the judgment of dismissal.

In late January, 1986, the defendant moved that she be allowed "to plead guilty to manslaughter for time served (six months)." After a hearing, the judge (first judge) denied the motion. He set forth his findings in a memorandum of decision. We shall repeat those findings in material part. There is no dispute concerning them except as we shall indicate.

The defendant was arrested in June, 1982, and was charged with murder in connection with the death of her twenty month old daughter five days earlier. At the District Court, Dorchester Division, the defendant made a voluntary transcribed statement to the office of the district attorney concerning her daughter's death. Thereafter, the defendant and Albert Berry were indicted for murder in the first degree. On April 6, 1983, Berry moved for a severance of his trial from that of the defendant, and that motion was allowed. Berry's trial commenced on the following day and ended in a mistrial because of the jury's inability to reach a verdict.

Before Berry's trial, an assistant district attorney (prosecutor number one) had informed the defendant and her attorney that he considered the defendant to be less culpable than Berry, and that he would like her to testify against Berry, whom he considered to be responsible for the beatings that led to the death of the child. The prosecutor was explicit in stating that he would not oppose the defendant's pleading guilty to manslaughter if she so desired, and in stating that his offer was in no way contingent on the defendant's testifying against Berry. There was no agreement at that time concerning the prosecutor's sentencing recommendation.

Shortly after the mistrial of Berry, prosecutor number one met again with the defendant and her attorney. The prosecutor stated that he wanted the defendant to testify at Berry's retrial and, according to the judge's findings, the prosecutor also stated that "if she were to testify, he would thereafter dispose of her case by way of her pleading to manslaughter with a recommendation from the prosecutor that her sentence be 'for time served.' 'For time served' contemplated the period be-

tween August 25, 1982, and December 31, 1982, when the defendant, Campbell, was committed to Framingham in lieu of $7,500 bail." We note that the evidence before the judge did not warrant his finding that the prosecutor's offer was contingent on the defendant's testifying at a retrial of Berry. Furthermore, the Commonwealth asserts and the defendant appears to agree that no such contingency was contemplated. Therefore, we proceed on that assumption.

The judge found that during the plea negotiations between prosecutor number one and the defendant, the defendant offered statements to the prosecutor in addition to the initial statement given at the District Court, but that those statements provided nothing significant that had not already been revealed by the initial statement.

After Berry's mistrial, he was never retried. After the mistrial, Berry moved to dismiss the indictment on double jeopardy grounds. His motion was denied in the Superior Court, but, on appeal, this court upheld his position and ordered the indictment dismissed. *Berry* v. *Commonwealth,* 393 Mass. 793 (1985).

At some point, prosecutor number one left the district attorney's office and he was succeeded by prosecutor number two. After our *Berry* decision, prosecutor number two kept in place the earlier offer not to oppose a plea by the defendant of guilty to manslaughter, but he withdrew the agreement to recommend a sentence limited to prison time the defendant had already served. At the time of the hearing on the defendant's motion that she be allowed to plead guilty to manslaughter "for time served," properly characterized by the judge as a motion to force the Commonwealth to comply with the agreement between prosecutor number one and the defendant, prosecutor number two intended to proceed to trial on the murder indictment.

The issue raised by the aforesaid motion was whether the district attorney's office was bound by the promises made by prosecutor number one, and the resolution of that issue, the judge reasoned, turned on whether the defendant relied on those promises to her detriment. At the hearing on the motion,

defense counsel had argued that, in reliance on the first pros-
ecutor's promises, the defendant had made "herself available
to be asked any questions that the Commonwealth [chose] to
ask her [about] the most intimate details of the case; her involve-
ment and Albert Berry's involvement. They [were] primarily
going to use this testimony to convict Albert Berry. Certainly
[the defendant was] waiving substantial constitutional rights
at this point. That is a detrimental reliance."

In response to defense counsel's argument before the first
judge, prosecutor number two urged the judge to compare the
defendant's original statement given at the District Court with
statements she gave thereafter. He argued that all the "intimate
details" of the case were divulged in the first statement, and
that information given subsequently was exculpatory of the
defendant.

For purposes of this appeal, and especially for the purpose
of understanding whether the judge who entertained the motion
to dismiss (second judge) simply reversed action taken by the
first judge, as the Commonwealth argues, it is important to
note that, in oral argument before the first judge, defense
counsel did not argue that the defendant's "detrimental re-
liance" on the promises of prosecutor number one was her
allowing the time within which she was entitled to be tried
under Mass. R. Crim. P. 36 (b) to go by without insisting
on a trial. Rather, counsel for both parties focused on the
question whether the defendant *had made statements* in detri-
mental reliance on the prosecutor's promises.[1] It is in that

---

[1] In a memorandum in support of the defendant's motion, the defendant
stated in a conclusory fashion that she had waived her Mass. R. Crim. P.
36 (b) rights so that she would be able to testify at Albert Berry's second
trial. She said she had relied upon the government's "deal" in waiving her
rule 36 rights. No specific time periods were mentioned. The prosecutor,
at the motion hearing, briefly alluded to the defendant's memorandum
statements: "Now, to the extent that the defendant's memorandum mentioned
Rule 36 — it has not been argued here today — but if I can address two
factors. One is that the time is clearly . . . excluded. There have been a
number of waivers by the . . . defendant of Rule 36. To the extent that we
are talking general constitutional terms, beyond Rule 36, no prejudice has
been suggested by the passage of time in this case, and no offer is made
to that extent."

context that the judge's memorandum of decision states that the defendant failed to sustain her burden to prove to the judge "the requisite detriment" in the form of detrimental statements, relinquishment of constitutional rights, or waiver of speedy trial rights. It is apparent that neither counsel nor the judge gave in-depth consideration to rule 36 (b) as did the second judge in connection with the defendant's motion to dismiss the murder indictment, which we discuss below.

Soon after the motion to allow the defendant to plead guilty to manslaughter for time served was denied, the defendant filed a motion to dismiss the murder indictment grounded on rule 36 (b). After hearing counsel, but without taking evidence, the second judge, relying in substantial part on the findings of the first judge, allowed the motion. The Commonwealth's appeal ensued.

Rule 36 (b) provides that, after a transitional period not applicable to this case, a defendant "shall be tried within twelve months after the return day," and if the defendant is not brought to trial within that period, as extended by subdivision (b) (2) of the rule, the defendant "shall be entitled upon motion to a dismissal of the charges." The return day in this case was August 11, 1982. See Mass. R. Crim. P. 2 (b) (15), 378 Mass. 844 (1979). The defendant was not brought to trial within the following twelve months. Accordingly, the defendant was entitled to have the indictment dismissed unless the Commonwealth sustained its burden of justifying any further delay. *Barry* v. *Commonwealth*, 390 Mass. 285, 291, 294 (1983).

We have held that the twelve-month period provided by rule 36 (b) is extended not only by subsection (b) (2) providing for "excluded periods," but also by periods of delay in which a defendant acquiesces, for which he is responsible, or from which he benefits. *Commonwealth* v. *Farris*, 390 Mass. 300, 305 (1983). *Barry* v. *Commonwealth, supra* at 295. "When a defendant has agreed to a continuance, or has not entered an objection to delay, he will be held to have acquiesced in the delay." *Id.* at 298.

The judge hearing the motion to dismiss the indictment concluded that 1,373 days had elapsed between the return day and

the filing of the motion to dismiss, and that, in order to comply with rule 36, the Commonwealth sought to justify 1,008 of those days of delay (the difference between 1,373 and 365). He concluded that the Commonwealth had failed to justify, and thus to exclude, the period of July 8, 1983, to January 31, 1985. As the judge recognized, and as the parties recognize, whether that period of delay was "justified," that is, excludable, depends on whether the defendant can be said to have acquiesced in it. The judge concluded that "any acquiescence by the defendant to continuances between July 8, 1983 and January 31, 1985 was [not] a wholly voluntary acquiescence," but rather it was "induced by the actions and representations of the Commonwealth," and therefore was ineffective.

In his memorandum of decision, the judge stated: "The defendant was . . . encouraged to delay pursuing her trial or pursuing any defense by representations of the Commonwealth that she would receive a favorable plea bargain if she testified at the *Berry* retrial. Thus, she delayed pursuing her own defense so that she would be available to assist the Commonwealth as a witness at the anticipated retrial. . . . Further, the defendant, in good faith, accepted the prosecutor's representation that she would not be tried, but that rather she would be given a specific plea bargain. Therefore, she believed that the need for a trial would be obviated. Any failure by the defendant to assert a right to a speedy trial was caused by the prosecution's representations that it did not intend to try her on the first degree murder indictment."

As we observed in connection with our discussion of the defendant's motion to be allowed to plead guilty to manslaughter for time served, there was no evidence that the promises made by prosecutor number one were contingent on the defendant's willingness and availability to testify at the *Berry* trial or retrial. Therefore, we do not agree with the second judge that the defendant was induced to accept trial delay by the prosecution's promise, later withdrawn, that the defendant would receive favorable treatment if she testified against Berry. We are fully satisfied, however, that the first judge's uncontested subsidiary findings warranted the second judge's conclu-

sion that the prosecution's unconditional promises not to oppose a plea of guilty to manslaughter, and to recommend no incarceration beyond the time the defendant had already served, led the defendant reasonably to assume that she would not be tried. The judge was warranted in concluding that the defendant's "acquiescence," based on a promise subsequently withdrawn, was not "voluntary," and therefore was not effective. Another way of stating the proposition is that, in the circumstances, the defendant simply did not acquiesce in a delayed trial that she was led reasonably to believe would never occur.

Nothing in the first judge's conclusions bars the action taken by the second judge. Even if the second judge were only reconsidering issues decided by the first judge, it would have been within his power to do so. *Salter* v. *Scott*, 363 Mass. 396, 401-402 (1973). *Peterson* v. *Hopson*, 306 Mass. 597, 601-602 (1940), and cases cited. *Commonwealth* v. *Plantier*, 22 Mass. App. Ct. 314, 318 n.6 (1986). Furthermore, the focused attention of the first judge was neither invited nor given to the precise issue presented to the second judge. It is worth noting, as well, that the burden of proof to establish detrimental reliance with respect to the first motion was on the defendant, *Commonwealth* v. *Smith*, 384 Mass. 519, 521 (1981), whereas the burden of proof to establish acquiescence to delay in relation to rule 36 (b) was on the Commonwealth. *Barry* v. *Commonwealth, supra* at 291-292.

While dismissal is a remedy that "infringes drastically on the public interest," and "is not called for where a defendant is at least partially responsible for delaying the date of a trial beyond that set by the rule," *id.* at 297, dismissal of the indictment in this case was required.

*Order affirmed.*