COMMONWEALTH *vs.* ROLAND SIGMAN.

No. 95-P-1084.

Middlesex. September 17, 1996. - November 7, 1996.

Present: KASS, GILLERMAN, & GREENBERG, JJ.

*Practice, Criminal,* Speedy trial, Dismissal. *Constitutional Law,* Speedy
   trial.

In a criminal case in which the defendant moved to dismiss the indictments
   pursuant to Mass. R. Crim. P. 36(b)(1) and 36(c), for the Com-
   monwealth's failure to try the case within twelve months of the arraign-
   ment, the Commonwealth demonstrated that 263 days of the 596-day
   period were excludable from the calculation of the twelve-month limit,
   inasmuch as the defendant had acquiesced in that period of delay and
   was benefited, not prejudiced, thereby. [574-580]

INDICTMENTS found and returned in the Superior Court
Department on April 29, 1993.

The cases were tried before *Margot Botsford,* J.

*James J. Cipoletta* for the defendant.

*Melissa J. Weisgold,* Assistant District Attorney, for the
Commonwealth.

GILLERMAN, J. After having been found guilty on three
indictments charging rape and abuse of a child under sixteen
and on one indictment charging indecent assault and battery,
the defendant appealed. He claims that he was not brought to
trial within twelve months of his arraignment, that the judge
erroneously denied his motion to dismiss pursuant to Mass.R.
Crim.P. 36(b)(1), 378 Mass. 909 (1979), and the Sixth
Amendment to the United States Constitution, and that he
was entitled to dismissal for prejudicial delay under Mass.
R.Crim.P. 36(c), 378 Mass. 909 (1979). Finding no error, we
affirm the judgment.

Rule 36 provides that a defendant is entitled to be tried
within twelve months after the return day or, if the defendant

is under arrest, the day the defendant was first before the court to answer the charges against him. *Commonwealth* v. *Dias,* 405 Mass. 131, 138 (1989). The twelve-month period may be extended during those periods described in subsection (b)(2), and by periods of delay in which the defendant acquiesces, for which he is responsible, or from which he benefits. See *Commonwealth* v. *Campbell,* 401 Mass. 698, 702 (1988). If the defendant is not brought to trial within the required period of time as so extended, he is entitled, upon motion and without a showing of prejudice, to a dismissal of the charges. *Ibid.*

The defendant was arraigned on May 20, 1993, which became the beginning date for the measuring period. A total of 596 days passed from May 20, 1993, to the date the defendant filed his motion to dismiss, January 6, 1995.[1] The Commonwealth had the burden to show that of the 596 days a sufficient number of days (in this case, 231 days) was excludable in the calculations so as to bring the remaining days within the twelve-month limit of rule 36(b). *Commonwealth* v. *Mattos,* 404 Mass. 672, 674 (1989).

The relevant time periods, and their disposition, may be summarized as follows:

1. *May 20, 1993, to June 13, 1993.* This period runs from the date of arraignment to the day before the date set for the pretrial conference report. The Commonwealth concedes that the period was includable. See Mass.R.Crim.P. 11(a)(2)(A), 378 Mass. 863 (1979); *Commonwealth* v. *Corbin,* 25 Mass. App. Ct. 977, 979 (1988). Excludable days: none.

2. *June 14, 1993, to June 21, 1993.* The docket entries show[2] that on June 14, 1993, a pretrial conference report was filed,[3] and the case was continued for nonevidentiary motions *by agreement* until July 15, 1993. The Commonwealth

---

[1]The filing of the motion to dismiss tolls the running of the time within which the defendant must be tried. *Barry* v. *Commonwealth,* 390 Mass. 285, 294 (1983).

[2]Docket entries are prima facie evidence of the facts recorded therein. *Commonwealth* v. *Mattos,* 404 Mass. at 677.

[3]The Commonwealth agreed to produce all physical evidence and documents, including treatment records of the complainant, "in the possession of the Commonwealth." See Mass.R.Crim.P. 11(a)(2)(A), 378 Mass. 862 (1979); *Commonwealth* v. *Viriyahiranpaiboon,* 412 Mass. 224, 228 (1992)(agreements that are reduced to writing in the conference report "may be equivalent to discovery orders").

concedes that the period between the filing of the pretrial conference report on June 14, 1993, and the expiration of the permitted seven-day period for filing pretrial motions, June 21, 1993, is includable. See *Barry* v. *Commonwealth*, 390 Mass. 285, 296 n.13 (1983); *Commonwealth* v. *Corbin*, 25 Mass. App. Ct. at 979 (the seven-day period is includable "as a defendant is entitled by court rule to that time to file pretrial motions"); Mass.R.Crim.P. 13(d)(2)(A), 378 Mass. 873 (1979). Excludable days: none.

The defendant claims that the included period should extend from June 21, 1993, to July 14, 1993. This claim has no merit. The period from June 21, 1993 (the expiration of the permitted seven-day period), to July 15, 1993, was, as we have noted, included within an agreed extension of time and is therefore excluded. See *Commonwealth* v. *Lauria*, 411 Mass. 63, 68 (1991) ("when a defendant has not entered an objection to delay, he may be deemed to have acquiesced in the passage of time").

3. *June 22, 1993, to March 11, 1994.* Again, the docket entries show that the case was continued "by agreement" from June 22, 1993, to July 15, 1993 (as described above), and thereafter, continuously and "by agreement," on July 15, 1993 (for nonevidentiary motions), August 11, 1993 (for assignment of trial date), September 27, 1993 (for assignment of trial date), October 20, 1993 (for assignment of trial date), November 2 and 8, 1993 (both for assignment of trial date), December 1, 1993 (for assignment of trial date), January 7, 1994 (for trial), February 15, 1994 (for motions and trial), February 18, 1994 (for motion hearing), February 25, 1994 (for motion hearing), and March 4, 1994 (for conference status), the last agreement expiring March 11, 1994. Thereafter, the docket entries record the granting of continuances — but with no notation as to the defendant's agreement — on thirteen hearing dates between March 16, 1994, and the commencement of the trial on February 7, 1995.

If the entire period (263 days) from June 22, 1993 (the expiration of the seven-day period to file pretrial motions), up to and including March 11, 1994 (the expiration of the last continuance by agreement), is excludable on the ground that the defendant is deemed to have acquiesced in the passage of that period of time, *ibid*, the Commonwealth will have carried its burden of showing justification for a sufficient number of days to satisfy the twelve-month period of rule 36.

The defendant argues that the docket entries reciting the defendant's agreement are merely prima facie evidence, see note 2, *supra*, and that the delay was attributable entirely to the "unreasonable failure of the Assistant District Attorney to provide evidence which he agreed to provide in the Pretrial Conference Report of July 14, 1993, and which the court ordered him to produce. Any agreement by defendant's counsel to continuation of the case was made only for the purpose of awaiting the delivery of discovery [by the Assistant District Attorney]. . . ." Thus, the defendant argues, he "reasonably believed that the Commonwealth would provide the records in a timely manner, and [therefore he] was reasonable in his reliance on the Commonwealth to do so."

Here the defendant is referring to the complainant's psychiatric and counseling records at Horizons Counseling in Laconia, New Hampshire — records which, the defendant argues, "were both exculpatory and essential to the preparation of the defendant's defense of the charges he faced" and without which the defendant "would have proceeded to trial unprepared." Thus, the argument continues, the defendant had "no choice" but to give the Commonwealth the time it needed. In this fashion the defendant seeks to explain his agreement to the continuances and to justify the inclusion of the period of delay in the time to be charged to the Commonwealth. See *Commonwealth* v. *Spaulding,* 411 Mass. 503, 507 n.9 (1992).[4]

The difficulty with the defendant's argument is that it does not square with the facts of the case, or the law. The conference report of June 14, 1993, provides no help to the defendant, for the obligation of the Commonwealth to produce records, reports, statements, "prior psychiatric history," and the like was expressly limited to such documents "which are in possession of the Commonwealth." The defendant's assertion that the conference report provides the basis for the Com-

---

[4]Horizons Counseling finally produced the complainant's records on March 21, 1994. The defendant did not learn of this until June 29, 1994. Thereafter, the defendant filed a motion for discovery and proceedings pursuant to *Commonwealth* v. *Bishop,* 416 Mass. 169 (1993), and the case was continued several times for *Bishop* status until October 31, 1994. On November 29, 1994, the case was finally assigned for trial on January 11, 1995, and was tried beginning February 7, 1995. The defendant's motion to dismiss was filed on January 6, 1995.

monwealth's obligation *to obtain* the records of Horizons Counseling is simply wrong.

A different matter is presented by a motion judge's order entered August 5, 1993: "It is hereby ordered by This Court that the Horizons Counseling medical and psychiatric records of [the complainant] . . . subpoenaed to This Court pursuant to a Court order, be copied and provided to the assistant district attorney assigned to this case and counsel for the defendant." The prosecutor sent a copy of the order to Horizons Counseling.[5] There was no response for several weeks, and the prosecutor then had a telephone conversation with the person in charge at Horizons (whom we shall call Jones). Jones was uncertain whether she would comply with the order. Several weeks later Jones told the prosecutor she did not want to send the records in, to which the prosecutor replied that she should either send in the records or write a letter to the court explaining her reason for not doing so. It was not until February 3, 1994, that the prosecutor saw Jones's letter of November 22, 1993, in which she stated that Federal law prevented the release of the records since the complainant did not want his records released.

These events do reveal the efforts of the prosecutor to obtain potentially exculpatory evidence, but that provides no assistance to the defendant. See *Commonwealth* v. *Campbell,* 378 Mass. 680, 702 (1979) ("Our cases are very clear that a prosecutor has no duty to investigate every possible source of exculpatory information on behalf of the defendant and that his obligation to disclose exculpatory information is limited to that in the possession of the prosecutor or police").

It is equally clear that the prosecutor's assistance in the search for exculpatory evidence was for the benefit of the defendant, and it was for that reason that the defendant acquiesced in the delay. Having benefited from the delay, the defendant cannot now claim that the delays are chargeable to the Commonwealth. See *Commonwealth* v. *Lauria,* 411 Mass.

---

[5]We take the facts recited in this paragraph from representations of the prosecutor, which appear to be undisputed, made at a hearing on February 18, 1994. We have been provided with a transcript of that hearing.

The prosecutor explained that he chose to send the order to Horizons Counseling because he thought that Horizons Counseling was more likely to respond to a letter from the prosecutor than from defense counsel.

at 68.[6] Contrast *Commonwealth* v. *Campbell*, 401 Mass. at 704 (defendant agreed to continuances because of the prosecutor's promise that if she did so he would agree not to oppose a plea on a lesser charge; under those circumstances she did not "acquiesce" to a delayed trial that she was led reasonably to believe would not occur).

This review leads directly to the conclusion that the defendant is bound by his agreement to the continuances, and we are not obliged to make any adjustment to the Commonwealth's claim that 263 days are excludable, thereby defeating the defendant's claim to a dismissal under rule 36(b).[7]

We note, however, that when considering the repeated and substantial continuances agreed to in this case, the better course would have been for the judge, on his own motion, or on motion of the prosecutor, to proceed under rule 36(b)(2)(F), 378 Mass. 911-912 (1979), and enter findings as to whether the "ends of justice [are] served . . . [and] outweigh the best interests of the public and the defendant in a speedy trial." Upon the entry in the record of such findings, the period of delay is excluded. Such findings, in addition to serving the public interest in these matters, *Barry* v. *Commonwealth*, 390 Mass. at 298, will foreclose uncertainties regarding to whom the time for delays are chargeable.

The result we reach works no unfairness to the defendant.

---

[6]Indeed, the law was settled on this point even before the events under review. See *Commonwealth* v. *Look*, 379 Mass. 893, 898-899 n.2, cert. denied, 449 U.S. 827 (1980), decided less than one year after the effective date of rule 36 (July 1, 1979), and *Commonwealth* v. *Barry*, 390 Mass. at 294-298, decided in 1983, where rule 36 is discussed in detail, including the Reporters' Notes to subsection (b). Those notes, and the court's discussion of them, made it clear that periods of delay in which the defendant acquiesces, or from which he benefits, are to be excluded from the calculation of the twelve-month period — this, notwithstanding the absence of any express provision in rule 36 to that effect.

[7]We recognize that the situation here is one where needed information is not within the control of either party, and neither party, therefore, is at fault for the delay. But that does not assist the defendant. See Mass. R.Crim.P. 36(b)(2)(B), 378 Mass. 911 (1979) (any period of delay resulting from the absence or unavailability of an essential witness is excluded). See also Reporters' Notes to Mass.R.Crim.P. 36, Mass. Ann. Laws, Rules of Criminal Procedure, at 527 (Law. Co-op. 1979)("The rationale underlying this subdivision [rule 36(b)(2) generally] is that the Commonwealth should not be penalized . . . when the cause for delay are [*sic*] beyond its control").

Here, the much sought after records of Horizons Counseling were produced, and the first three stages of procedure set out in *Commonwealth* v. *Bishop*, 416 Mass. 169, 181-182 (1993), were satisfied. The trial judge identified seven pages of notes of a therapist as "possibly admissible if the defendant is unable to elicit in substance the information that is contained" in those seven pages. The defendant does no better under rule 36(c), 378 Mass. 912 (1979) ("Dismissal for Prejudicial Delay"). The defendant may be entitled to dismissal under this subsection of rule 36 if (1) the prosecutor was not reasonably diligent in bringing the defendant to trial, and (2) the prosecutor's lack of diligence caused prejudice to the defendant.

We conclude that the defendant has not satisfied either prong of rule 36(c). Having carefully reviewed the record and the performance of counsel and the various judges who acted on matters in the court below, as we are required to do in cases of this sort, see *Commonwealth* v. *Lauria*, 411 Mass. at 70, we adopt the conclusion of the motion judge who denied the motion to dismiss: "Nor has the defendant demonstrated prejudice requiring dismissal under rule 36(c)." Further, as noted above, the defendant benefited and was not prejudiced by the delays in the trial.

Finally, we conclude that there was no violation of the defendant's constitutional right to a speedy trial. The delay, while lengthy, was adequately explained by the Commonwealth, and dismissal would not be warranted absent a showing of prejudice. See *Barker* v. *Wingo*, 407 U.S. 514, 530 (1972); *Commonwealth* v. *Look*, 379 Mass. at 903. There was no material prejudice to the defendant; to the contrary, as we have said, the defendant benefited from the delay. See *Commonwealth* v. *Dias*, 405 Mass. at 139.

*Judgment affirmed.*