COMMONWEALTH *vs.* JULIE M. AMIDON.

No. 96-P-440.

Berkshire. October 14, 1997. - February 27, 1998.

Present: GREENBERG, SMITH, & FLANNERY, JJ.

Further appellate review granted, 427 Mass. 1107 (1998).

*Practice, Criminal,* Speedy trial.

A Superior Court judge correctly allowed a criminal defendant's motion to dismiss an indictment pursuant to Mass.R.Crim.P. 36(b)(1)(C), for the Commonwealth's failure to have brought the case to trial within twelve months. [342-343]

INDICTMENT found and returned in the Superior Court Department on January 20, 1994.

The case was heard by *Francis X. Spina,* J., on a motion to dismiss.

*Joseph A. Pieropan,* Assistant District Attorney, for the Commonwealth.

*Karen Elizabeth Morth* for the defendant.

GREENBERG, J. Together with two others, the defendant filed a motion to dismiss her indictment, asserting that she had not been brought to trial within twelve months, as required by Mass. R.Crim.P. 36(b)(1)(C), 378 Mass. 910 (1979). Following hearings, a judge allowed the motion.[1] The Commonwealth has appealed. We affirm the order.[2]

The motion judge found in substance that no trial had oc-

---

[1]At the same time, and for the same reasons, the motion judge allowed motions to dismiss the related indictments against Floyd A. Amidon, Jr., and David Cook. (It was the Commonwealth's intention to try the cases together.) The appeals in those cases are controlled in major respects by our decision in this case, and we also affirm the orders of dismissal in those cases. We leave the particulars, however, to separate, unpublished orders, *post* 1115 (1998).

[2]Since we affirm the court below through analysis of Mass.R.Crim.P. 36(b)(1), we need not decide whether there was a constitutional violation in these cases.

curred for close to seventeen months because of the Berkshire County prosecutor's pervasive control over scheduling motion hearings and trials for the criminal session of the Superior Court. The motion judge rejected the prosecutor's explanation of the delay as either rooted in court congestion or excused by the assignment of only one judge to the session.[3] He also expressed consternation with the prosecutor for delaying what appeared to be to him an open and shut case. As matter of fact, he found that the "Commonwealth . . . must bear full responsibility for any failure to bring this matter to trial in accordance with Rule 36."[4]

On January 20, 1994, a grand jury indicted the defendant for trafficking in cocaine in violation of G. L. c. 94C, § 32E(*b*)(1); she was arraigned on February 4, 1994. The charge arose from a joint investigation in November, 1993, by the North Adams police and the Berkshire County drug task force. A prima facie showing of impermissible delay under rule 36 has been made since the period between the arraignment date and the filing of the motion to dismiss (July 3, 1995) exceeded twelve months. Given this, the burden of justification for the delay falls on the Commonwealth. *Barry* v. *Commonwealth*, 390 Mass. 285, 291-292 (1983). " 'Once the defendant has established a prima facie delay, and the Commonwealth offers no justification, the defendant is entitled to dismissal of the indictment without a showing of prejudice. See Mass. R. Crim. P. 36 (b) (1) (D), 378 Mass. 910 (1979), and Reporter's Notes.' *Commonwealth* v. *Look*, 379 Mass. 893, 898-899 n.2, cert. denied, 449 U.S. 827 (1980)." *Barry* v. *Commonwealth*, 390 Mass. at 291.

---

[3]Given the posture of this case, it is not necessary for us to decide whether court congestion can excuse delay. See *Barry* v. *Commonwealth*, 390 Mass. 285, 296 n.13 (1983); *Commonwealth* v. *Conefrey*, 410 Mass. 1, 4-5 (1991); *Commonwealth* v. *Spaulding*, 411 Mass. 503, 507-508 (1992).

[4]General Laws c. 278, § 1, places primary responsibility on the district attorney to compose a trial list. However, it provides no basis for delaying the hearing of pretrial motions, nor does it authorize the type of control over the trial list that the motion judge found so offensive here. Such a practice runs counter to public expectations of an evenhanded and efficient prosecutorial officer. See ABA/BNA Lawyers' Manual on Professional Conduct, 61:607, General Obligations of Prosecutors (1997) ("A prosecutor has the responsibility of a minister of justice and not simply that of an advocate"; prosecutors have a duty "to seek justice, not merely to convict"). We expect the Berkshire County district attorney's office to stand by its representation at oral argument that this practice has ceased and that it will no longer function as gatekeeper of hearings held in the Superior Court.

We fill in the procedural framework of this defendant's case, examining the record to sift out "[e]xcluded [p]eriods," i.e., those periods that are counted against the defendant and are not attributed to the prosecution. See Mass.R.Crim.P. 36(b)(2), 378 Mass. 910 (1979); *Commonwealth* v. *Spaulding*, 411 Mass. 503, 504-505 (1992), and cases cited.

1. *February 4, 1994, to March 2, 1994.* As noted, the defendant was arraigned on February 4, 1994. According to the record, a pretrial conference was held on March 2, 1994, and the conference report was filed at that time.[5] Without question, the time between the date of a defendant's arraignment and the time the conference report is filed (here, twenty-one days) is not excluded. See Mass.R.Crim.P. 11(a)(2)(A), 378 Mass. 863 (1979); *Barry* v. *Commonwealth*, 390 Mass. at 296 n.13; *Commonwealth* v. *Spaulding*, 411 Mass. at 506-507; *Commonwealth* v. *Sigman*, 41 Mass. App. Ct. 574, 575 (1996).

2. *March 2, 1994, to May 2, 1994.* The conference report, signed by the prosecutor and trial counsel, required that motions be filed on or before May 2, 1994. That is, *the parties* agreed to extend the time for filing pretrial motions beyond the seven days required by Mass.R.Crim.P. 13(d)(2)(a), 378 Mass. 873 (1978). This particularly bothered the motion judge, who, in his findings, chided the parties for their decision to extend the filing date without leave of the court. The judge stated in his findings that this practice was "in flagrant violation of, and in total disregard of [rule 13(d)(2)(a)]." We are of opinion that this period may not be counted against the defendant; even if both parties shared some fault for this omission or harbored a mistaken belief about the process for extending the filing date, the defendant could not have obtained a hearing on the motions because of the prosecutor's control of the motion list.[6] The entire sixty-one day period is not excluded.

3. *May 2, 1994, to August 11, 1994.* As it happened, the defendant did not file a motion to suppress evidence until August

[5]The original pretrial conference, scheduled for February 23, 1994, was not held until March 2, 1994, at which time the pretrial conference report was also filed.

[6]The seven days allotted to the parties to file pretrial motions following the filing of the pretrial conference report would not have been excluded in any event. See Mass.R.Crim.P. 13(d)(2)(A); *Barry* v. *Commonwealth*, 390 Mass. at 296 n.13; *Commonwealth* v. *Corbin*, 25 Mass. App. Ct. 977, 979 (1988); *Commonwealth* v. *Sigman*, 41 Mass. App. Ct. at 576.

11, 1994. Apparently, no one took the May 2, 1994, deadline seriously, and the Commonwealth registered no objection. The defendant benefited from the delay during this 102-day period.[7] *Commonwealth* v. *Lauria*, 411 Mass. 63, 67 (1991). The prosecution did not prevent defense counsel from at least filing the defendant's motion within the agreed time. Such delays in filing motions are counted against the defendant because defendants, as well as the prosecution, "have a responsibility to 'press their case through the criminal justice system.'" *Commonwealth* v. *Lauria*, 411 Mass. at 68. Cf. *Commonwealth* v. *Spaulding*, 411 Mass. at 507 (defendant acquiesced in delay when he allowed a scheduled trial date to pass without objection). This period, from May 2, 1994, to August 11, 1994, is, therefore, excluded from the calculations to determine whether the defendant received a speedy trial.

4. *August 11, 1994, to May 30, 1995*. After August 11, the defendant tried to schedule a hearing on her motion, either through the district attorney's office or the clerk of courts. It was only at the call of the May, 1995, trial list that the defendant's counsel was afforded an opportunity to complain to the judge about the difficulty in obtaining a hearing date for the suppression motion. The motion judge found that "the prosecutor's de facto authority to schedule all matters was abused in this case."

We agree with the motion judge that the 291 days from the filing of the motion to suppress until May 30, 1995, when, after much cajoling, the defendant obtained a hearing date, are not excluded. This delay was caused by the Commonwealth because of the peculiar practice of the prosecutor's office in Berkshire County deciding which matters would be scheduled for hearings in the criminal session. The defendant's inability to bring the matter to the court's attention explains the lack of timely objections. The judge found that "[t]he District Attorney's office, in accordance with local usage, schedules hearings on all motions in Berkshire Superior Court. Hearings are not scheduled without the consent of the prosecutor. . . ." Furthermore, the judge found that the defendant never acquiesced to delays during this period, nor did these same delays benefit the defendant. Contrast *Barry* v. *Commonwealth*, 390 Mass. at 298 ("When a defendant

---

[7] "Computation of an excluded period shall include both the first and the last day of the excludable act or event." Mass.R.Crim.P. 36(b)(3), 378 Mass. 912 (1978); *Barry* v. *Commonwealth*, 390 Mass. at 292.

has agreed to a continuance, or has not entered an objection to delay, he will be held to have acquiesced in the delay"); *Commonwealth* v. *Lauria*, 411 Mass. at 68 (prosecutor actively involved in moving the case through the judicial system while the defendant delayed); *Commonwealth* v. *Spaulding*, 411 Mass. at 507; *Commonwealth* v. *McDonald*, 21 Mass. App. Ct. 368, 374 (1986). Ultimately, it became necessary for the defendant — on May 30, 1995 — to go before the judge to obtain a hearing date for the suppression motion.

5. *May 30, 1995, to June 28, 1995.* As will be seen, the defendant is by May 30 home free; excluding all the remaining periods still results in too many days for the Commonwealth to justify. Were this not the case, we would likely conclude that the fourteen days from May 30, 1995, when the defendant at last was able to request a motion hearing in open court, until the judge conducted a hearing on June 12, 1995, are excluded. The excludable period under rule 36 for delays resulting from pretrial motions is intended to run "from the date on which the request for hearing on the pretrial motion is filed, or, if no such request is filed, from the date the hearing is ordered, until the conclusion of the hearing." *Commonwealth* v. *McDonald*, 21 Mass. App. Ct. at 371, quoting from Reporters' Notes to Mass. R.Crim.P. 36, Mass. Ann. Laws, Rules of Criminal Procedure 528 (1979). See *Barry* v. *Commonwealth*, 390 Mass. at 295. We would also exclude sixteen days from the date of the suppression hearing, June 12, 1995, to June 28, 1995, the date on which the judge denied the motion.[8] See Mass.R.Crim.P. 36(b)(2)(A)(vii), 378 Mass. 910 (1978).

6. *June 29, 1995, to July 2, 1995.* The period after the motion to suppress was denied, June 29, 1995, until July 2, 1995, would not be excluded because the defendant did not file any motions and the court did not have any motions under advisement.[9]

7. *Conclusion.* In sum, the calculation of excludable time against the total of 513 days the case was pending numbers 132

---

[8]If excludable periods of delay under rule 36 overlap, a day is excluded only once. *Barry* v. *Commonwealth*, 390 Mass. at 292. Thus, June 12, 1995, is counted only one time.

[9]The defendant filed her motion to dismiss pursuant to rule 36 on July 3, 1995. Calculations for the excluded time periods in the present case do not include the date for filing the motion or the period up until the court allowed the motion. "The filing of the motion, at least where a hearing promptly follows, tolls the running time in which a defendant must be tried." *Barry* v. *Commonwealth*, 390 Mass. at 294 (citations omitted); *Commonwealth* v.

days. When subtracted from the 148 days left for the prosecution to justify, pursuant to rule 36(b)(1), it falls short by sixteen days.

The record supports the judge's findings that most of the delays were caused by the failure of the Commonwealth to bring various motions to the court's attention to set hearing dates. Attempts at attaining hearings by defense counsel were made but were futile. Even under the pre-rule 36 cases, a "finding that the Commonwealth did not intentionally delay the trial does not excuse the delay." *Commonwealth* v. *Burhoe*, 3 Mass. App. Ct. 590, 594 (1975). What it boils down to is that the Commonwealth in the circumstances is ultimately responsible for delays caused by administrative control or neglect.

The order allowing the defendant's motion to dismiss her indictment is affirmed.

*So ordered.*

---

*Spaulding*, 411 Mass. at 505. Therefore, the last day included for rule 36 calculations is July 2, 1995.