COMMONWEALTH *vs.* JULIE M. AMIDON (and nine companion cases[1]). August 12, 1998. *Practice, Criminal,* Speedy trial.

All three defendants were indicted in January, 1994, for various drug distribution offenses and other related charges. The Commonwealth intended to try all three defendants together. Although each case is procedurally distinct, the common thread is that the defendants claim that the Commonwealth failed to bring them to trial within one year, as prescribed by Mass. R. Crim. P. 36, 378 Mass. 909 (1979). Several months after the one-year anniversary of their respective arraignments, each defendant filed a motion to dismiss on speedy trial grounds. The judge, who presided over all four trials, allowed each defendant's motion and the Commonwealth appealed.

The Appeals Court affirmed the judge's dismissal of the indictments in one published opinion, *Commonwealth v. Amidon,* 44 Mass. App. Ct. 338 (1998), and three unpublished decisions that relied on and were controlled by the published opinion.[2] We allowed the Commonwealth's applications for further appellate review as to all three defendants. We now affirm the judge's order dismissing the indictments in *Commonwealth v. Amidon (No. 1),* 44 Mass. App. Ct. 1115 (1998), but vacate the judge's orders as to the other three indictments. We discuss each defendant and the procedural intricacies separately.

1. *Julie M. Amidon.*[3] Julie Amidon was arraigned on February 4, 1994. She filed her motion to dismiss, pursuant to rule 36, on July 3, 1995. Accordingly, the prosecutor had 148 days to justify of the 513 days the case was pending. See *Commonwealth v. Amidon, supra* at 342-343. See also *Barry v. Commonwealth,* 390 Mass. 285, 294 (1983) (the filing of a motion to dismiss under rule 36 "tolls the running of the time in which a defendant must be tried").

On appeal, the Commonwealth argued that the 102 days between May 2, 1994, and August 11, 1994, should be excluded from the calculation. This time period represents the difference between the deadline by which the defendant agreed to file pretrial motions and when she actually filed her first pretrial motion. We agree that this time should count against the defendant for essentially those reasons cited by the Appeals Court. See *Commonwealth v. Amidon, supra* at 341.

---

[1]Three indictments against David Cook and six against Floyd A. Amidon, Jr. Indictments 940005, 940006, 940007, and 940008 (Floyd A. Amidon, Jr. [No. 1]) were to be tried separately from the other three cases discussed herein. For procedural purposes, we consolidated all four cases because they raised substantially identical legal issues. Because we reach a different result in indictments 940005-940008 from that reached in the other three cases, we discuss it last in our decision.

[2]*Commonwealth v. Amidon (No. 1),* 44 Mass. App. Ct. 1115 (1998). *Commonwealth v. Amidon (No. 2),* 44 Mass. App. Ct. 1115 (1998). *Commonwealth v. Cook,* 44 Mass. App. Ct. 1115 (1998).

[3]For a more detailed background of this case, we refer to the opinion of the Appeals Court, which accurately sets forth the facts of the case. *Commonwealth v. Amidon,* 44 Mass. App. Ct. 338 (1998).

The Commonwealth further contends that an additional sixty-one days should be excluded, which would bring it safely within rule 36. Specifically, it seeks to exclude the time between March 2, 1994, and May 2, 1994 — constituting the time period within which *"the parties* agreed to extend the time for filing pretrial motions beyond the seven days required by Mass. R. Crim. P. 13 (d) (2) (A), 378 Mass. [871] (1978)" (emphasis in original). *Id.* at 340. The judge's decision not to exclude these two months appears primarily motivated by the parties' failure to obtain leave of court to extend this seven-day deadline. See *id.* See also Mass. R. Crim. P. 13 (d) (2) (A).

Although we appreciate the judge's irritation at the parties' callous attitude toward the requirements of rule 13 (d) (2) (A), and we do not condone the parties' violation of that rule, we disagree with the contention that this time should not be counted against the defendant. See *Commonwealth* v. *Farris*, 390 Mass. 300, 304 (1983), quoting *Barry* v. *Commonwealth, supra* at 290 ("while we will give deference to the determination made by the judge below, we may reach our own conclusions"). The parties *mutually agreed* to the May 2 deadline, and, accordingly, the defendant acquiesced in this delay. See *Barry* v. *Commonwealth, supra* at 296 n.13 ("[u]nless the defendant agrees to the extension of [the period for filing pretrial motions]," the seven-day time limit under the rule is not excluded). Indeed, the Appeals Court correctly acknowledged that "both parties shared some fault" for this violation of rule 13. *Commonwealth* v. *Amidon, supra* at 340. Dismissal of an indictment is not "appropriate if a defendant is at least partially responsible for delay." *Commonwealth* v. *Lauria*, 411 Mass. 63, 68 (1991), quoting *Barry* v. *Commonwealth, supra* at 297.

Moreover, the defendant permitted the May 2 deadline to pass without filing any pretrial motions until several months thereafter.[4] Given the defendant's inability to adhere to an already generous filing deadline, to which she agreed, it is highly unlikely that she would have timely filed pretrial motions even if the parties had agreed to the seven-day time limit under rule 36 or obtained leave to extend the filing date to May 2, 1994.

After subtracting 102 days and fifty-four days[5] from the 513 days the defendant's case was pending, the Commonwealth is within the allotted time to try the defendant under rule 36.[6] The order dismissing the indictment

---

[4]She filed the first of several pretrial motions on August 11, 1994. We agree with the Appeals Court's decision to exclude the period from May 2, 1994, to August 11, 1994. *Commonwealth* v. *Amidon, supra* at 340-341.

[5]Although there are sixty-one days between March 2, 1994, and May 2, 1994, we agree with the Appeals Court's determination that "[t]he seven days allotted to the parties to file pretrial motions following the filing of the pretrial conference report would not have been excluded in any event." *Commonwealth* v. *Amidon, supra* at 340 n.6. See *Barry* v. *Commonwealth*, 390 Mass. 285, 296 n.13 (1983); *Commonwealth* v. *Sigman*, 41 Mass. App. Ct. 574, 576 (1996); *Commonwealth* v. *Corbin*, 25 Mass. App. Ct. 977, 979 (1988).

[6]We note there is additional excludable time, which we do not calculate because it is not essential to our holding, when the judge had the defendant's motions under advisement after she finally was able to obtain a hearing. See *Commonwealth* v. *Amidon, supra* at 342. See also Mass. R. Crim. P. 36 (b) (2) (A) (vii) (excluding "delay reasonably

against this defendant is reversed and the case is remanded to the Superior Court for further proceedings.[7]

*2. Floyd A. Amidon, Jr. (No. 2)* (indictments 940009 and 940010). On January 24, 1994, this defendant was arraigned and the Commonwealth filed a "certificate" that discovery had been provided to him. Although a pretrial conference was held on February 15, 1994, no pretrial conference report was ever filed. As a result, no deadline was set for the filing of pretrial motions. Beginning on November 28, 1994, and continuing through February 23, 1995, the defendant filed a series of pretrial motions that were both substantive and discovery oriented.[8] The running of the clock for rule 36 purposes was tolled on June 26, 1995, by the defendant's filing of his motion to dismiss. See *Commonwealth* v. *Spaulding*, 411 Mass. 503, 505 n.4 (1992); *Barry* v. *Commonwealth, supra* at 294. Of the 517 days the defendant's case was pending, the Commonwealth needed to justify 152 days of delay. Therefore, the period of approximately nine months between the pretrial conference and the filing of the defendant's first motion on November 28, 1994, is critical to the resolution of the defendant's claimed deprivation of a speedy trial.

We recently have reiterated the familiar principle that criminal defendants, in addition to having an obligation to object to delay, also have a "responsibility to 'press their case through the criminal justice system.' " *Commonwealth* v. *Marable*, 427 Mass. 504, 507 (1998), quoting *Commonwealth* v. *Lauria, supra* at 68. In this case, the defendant took advantage of the fact that there was no pretrial conference report filed, and no steadfast deadline for filing pretrial motions, by submitting motions many months after the pretrial conference. There is no evidence in the record, perhaps for obvious reasons, that the defendant objected to the pretrial report not having beenfiled. Generally, "[w]here a date is set for the filing of reports . . . and the defendant does not enter an objection when the date passes without any action being taken, he will be deemed to have acquiesced in delay." *Barry* v. *Commonwealth, supra* at 298 n.16.

Moreover, although the defendant's attitude toward the speed at which his case progressed changed after he filed his motions, there is no indication that he objected to the inactivity during the preceding nine months. "[A] disinterested attitude by a defendant in the progress of his case can permit a finding of acquiescence." *Commonwealth* v. *Lauria, supra* at 68. We see no

---

attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement").

[7]The Commonwealth asserts that the defendant's case was placed on the trial list for March, 1995, but was not reached that month due to court congestion. It further claims the defendant made no objection to this "continuance." Because we conclude that the Commonwealth has met its burden of justifying the delay based on a tolling date of July 3, 1995, we need not decide whether, as the Commonwealth argues, we should exclude any additional time between March 1, 1995 to July 3, 1995. See *Commonwealth* v. *Marable*, 427 Mass. 504, 507-508 (1998) (time during which defendant's case was continued from month to month for trial, without objection, was excluded time under rule 36). See also *Commonwealth* v. *Spaulding*, 411 Mass. 503, 507 (1992) (same), and cases cited.

[8]For example, the defendant filed motions to suppress, to identify confidential informants, to dismiss (pursuant to *Commonwealth* v. *McCarthy*, 385 Mass. 160 [1982]), to sever, and to disclose surveillance information, as well as numerous other discovery motions.

appreciable distinction between the nine months at issue here and the two months between March and May which we excluded in Julie Amidon's case.

Accordingly, we exclude the period of time between February 22, 1994 (the presumptive return date for motions had a pretrial report been filed at the conference), and November 28, 1994. Because this period far exceeds the number of days the Commonwealth had to justify, we vacate the judge's order allowing this defendant's motion to dismiss and remand the case to the Superior Court. We again reserve comment on what days, if any, should be excluded as a result of the defendant's difficulty in scheduling hearings after he filed his motions.

3. *David Cook.* This defendant was arraigned on February 4, 1994. A pretrial conference report was filed on February 23, 1994, in which the parties agreed to a continuance until April 23, 1994, for further conferencing.[9] However, there is no evidence in the record that a further conference occurred and the defendant did not file any pretrial motions in his case. In fact, the defendant's case remained inactive until July 10, 1995, when he filed a motion to dismiss under rule 36.

This defendant stands on slightly different footing from his codefendants insofar as there is no evidence that he made *any* objection to the delays associated with either his case or that of his codefendants with whom he was to be tried. Although counsel for his codefendants complained about their difficulty in scheduling hearings on their motions when they were finally heard on June 13, 1994 and July 5, 1994, this defendant did not appear at either hearing, nor did he join in his codefendants' objections to the delay by written motion. In fact, the record does not reflect any motion by this defendant to join or adopt his codefendants' motions.

Instead, this defendant seemed content to let his codefendants' cases run their courses and then, presumably, reap whatever benefit resulted from their efforts. Notably, he was the last one to file a motion to dismiss and he did so only after his codefendants already had succeeded in having their indictments dismissed under rule 36. "[T]he defendant cannot passively consent to continuances or delays and then complain that the clock has ticked for purposes of counting the twelve months allowed to bring that defendant to trial." *Commonwealth* v. *Lauria*, 29 Mass. App. Ct. 542, 548 (1990), *S.C.*, 411 Mass. 63 (1991). The defendant's "disinterested attitude" in the progress of his case — and that of his codefendants — leads us to conclude that he acquiesced in most, if not all, of the delay in his case. See *Commonwealth* v. *Lauria, supra* at 68. Cf. *Commonwealth* v. *Marable, supra* at 507-508 (defendants have an obligation to object to delay). Moreover, a reasonable period of delay is to be expected and permitted when defendants are joined for trial. See Mass. R. Crim. P. 36 (b) (2) (E).

Consequently, dismissal of the indictments is inappropriate where this defendant has essentially waived his right to a speedy trial by failing to object to any of the delay and, under the particular circumstances of this case, dismissal does not serve "the public interest in bringing guilty persons to trial." *Barry* v. *Commonwealth, supra* at 297. The judge's order dismissing the indictments is vacated and the case is remanded to the Superior Court for further proceedings.

[9]Although the judge did not make a specific finding about this period, it was properly excluded by the Appeals Court because it was a continuance agreed to by both parties.

4. *Floyd A. Amidon, Jr. (No. 1)* (indictments 940005, 940006, 940007, and 940008). Unlike the other three cases discussed above, this case requires a different result. The defendant was arraigned on January 24, 1994, and he filed his rule 36 motion to dismiss on June 8, 1995. The defendant's case therefore was pending a total of 499 days. The Commonwealth had to justify 134 days of delay in order to avoid dismissal of the indictments for failing to provide the defendant with a speedy trial.

The Commonwealth's arguments before the judge and the Appeals Court essentially were the same: (1) the defendant acquiesced in most of the delay by failing to object to the passage of the date when the pretrial conference report should have been filed, but was not; (2) the defendant acquiesced to delay by failing to object to his case not being reached for trial after it was placed on the trial list for May, 1995; and (3) he was not ready for trial during the months between the filing of his motion to suppress and the filing of two subsequent pretrial motions. We discuss these arguments in turn below.

First, just as in *Commonwealth* v. *Amidon (No. 2)* (indictments 940009 and 940010), no pretrial conference report ever was filed in this case, although a pretrial conference was held on February 15, 1994. On June 2, 1994, the defendant filed a motion to suppress. Consistent with our reasoning above, we likewise exclude the 101 days between February 22, 1994,[10] and June 2, 1994, because the defendant took advantage of and benefited from the absence of a filing deadline for pretrial motions. However, this still leaves the Commonwealth with thirty-three days of delay.

Second, we reject the Commonwealth's contention that additional delay should be attributed to the defendant because he allegedly failed to object when his case was placed on the trial list for May, 1995, but was not reached due, according to the Commonwealth, to court congestion. See *Commonwealth* v. *Marable, supra* at 507-508. Both the judge and the Appeals Court credited the defendant's assertions that he repeatedly attempted to schedule a hearing on his motion to suppress but was unable to do so because of the Commonwealth's lack of cooperation. Resolution of that motion significantly could have affected the posture of the defendant's case. To the extent the defendant was not ready for trial in May, 1995, because of uncertainty regarding the status of his suppression motion, the Commonwealth must bear the responsibility for that delay. We will not exclude any time after May, 1995, on this particular basis urged by the Commonwealth.

The Commonwealth's final argument is that the defendant could not have been ready for trial during the numerous months after the filing of his motion to suppress and the filing of his two subsequent pretrial motions. The defendant filed a motion to dismiss, pursuant to *Commonwealth* v. *McCarthy*, 385 Mass. 160 (1982), on April 18, 1995.[11] The Commonwealth's claim is undercut by the fact that the filing of a *"McCarthy* motion" to dismiss has no bearing on whether a defendant is actually prepared to go to trial. Although the allowance of such a motion is clearly to the defendant's benefit, the denial of the motion logically does not affect any of the evidence in the case or the strategies

---

[10]The presumptive filing date for motions had a pretrial report been filed at the conference held seven days earlier. See note 5, *supra.*

[11]A motion filed pursuant to *Commonwealth* v. *McCarthy, supra,* generally seeks dismissal of an indictment because of insufficient evidence presented to the grand jury.

employed by either party any more so than a motion for a required finding of not guilty made during trial.

The Commonwealth also contends that the defendant's filing of a "Motion for Disclosure of Informant" on June 8, 1995, further indicates he was not ready for trial and that he benefited by the delay. The defendant, however, argues that the belated filing of this motion was due to the Commonwealth's late production of an affidavit which, in turn, provided a basis for his requesting the informant's identity. The Commonwealth's argument lacks merit in light of its assertions at the hearing on June 13, 1995, that the affidavit was only relevant to the defendant's other pending case, not the present one. Moreover, regardless of whether the Commonwealth's representation is accurate, it does not dispute that it produced the affidavit to the defendant's counsel in this case late. Accordingly, the Commonwealth cannot now argue that any motion filed as a result of its untimely disclosure meant that the defendant was unprepared for trial during the preceding year.

In sum, the Commonwealth has not justified thirty-three days of delay. Consequently, it violated the defendant's right to a speedy trial under rule 36. We affirm the trial judge's order dismissing indictments 940005, 940006, 940007, and 940008.

*5. Constitutional claim to speedy trial.* The defendants also assert that the Commonwealth's failure to bring them to trial in a timely manner deprived them of their right to a speedy trial under the Sixth and Fourteenth Amendments to the United States Constitution and art. 11 of the Massachusetts Declaration of Rights. In light of our determination that the defendants substantially contributed to the delays in their cases by either failing to meet filing deadlines, failing to uphold their obligation to object to delay, or otherwise not pressing their cases through the system (at least initially), we conclude that their claims do not rise to a level of constitutional dimension.

*6. Conclusion.* Despite our disposition of these cases, we do not intend to diminish any of the criticism given the Commonwealth by the judge and the Appeals Court. They both credited the defendants' assertions that their efforts to schedule hearings on their motions were thwarted, in large part, by the Commonwealth's inability or unwillingness to agree to proposed hearing dates once the defendants submitted their motions. We accept the judge's credibility determinations. Furthermore, we are troubled by the Commonwealth's representation that the defendants' cases were continued "without objection" when they were not reached for trial in March or May, 1995. The Commonwealth continued to press this argument in its supplemental brief, relying on our recent decision in *Commonwealth* v. *Marable, supra.*

It is disingenuous for the Commonwealth to make that representation and to claim that "[a]t no time did the [d]efendants request that their names appear on the [trial] [l]ist at any earlier time" when the Commonwealth frustrated the defendants' efforts to obtain hearings, and hence a timely ruling, on motions that might have affected their trial preparation.

The orders dismissing the indictments in the cases of Julie M. Amidon, Floyd A. Amidon, Jr. (No. 2) (indictments 940009 and 940010), and David Cook are vacated and those cases are remanded to Superior Court for further proceedings. The order dismissing the indictments with respect to Floyd A. Amidon, Jr. (No. 1) (indictments 940005, 940006, 940007, and 940008) is affirmed.

*So ordered.*

*Anne M. Kendall,* Assistant District Attorney, for the Commonwealth.

*R. Brian Snow,* of New Hampshire, for Floyd A. Amidon, Jr.

*Karen Elizabeth Morth* for Julie M. Amidon.

*Richard L. Goldman,* for David Cook, submitted a brief.