COMMONWEALTH *vs.* WILLIAM D. ANDERSON.

Essex.    May 8, 1978. — July 20, 1978.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Practice, Criminal,* Speedy trial. *Constitutional Law,* Speedy trial.

A bind-over hearing in a District Court, held within six months of the
defendant's request for a speedy trial pursuant to G. L. c. 277, § 72A,
constituted a disposition of the District Court complaints as re-
quired by that statute. [495-496]

A lapse of thirty-eight months from the time complaints were issued
against a defendant and the time he was brought to trial on indict-
ments resulting from the complaints did not constitute a denial of
the defendant's constitutional right to a speedy trial where a delay
of one year between his arraignment in the Superior Court and the
trial was attributable to the defendant's requests for discovery and
where it did not appear the defendant was prejudiced by the delay.
[496-498]

INDICTMENTS found and returned in the Superior Court
on January 8, 1975.

A pretrial motion to dismiss was heard by *Adams, J.,*
and the cases were tried before *Linscott, J.*

*Carmen R. Corsaro* for the defendant.

*Michael T. Stella, Jr.,* Assistant District Attorney, for
the Commonwealth.

HALE, C.J. The defendant, having been convicted of
armed robbery (G. L. c. 265, § 17) and assault with a
dangerous weapon with intent to murder (G. L. c. 265,
§ 18),[1] argues only that the judge erred in denying his
motion to dismiss, based on his claims that he was denied

---

[1] The defendant was also found guilty on an indictment charging the
unlawful carrying of a dangerous weapon (G. L. c. 269, § 10[a]). That
indictment was placed on file with the defendant's consent and is not
before us.

his right to a speedy trial guaranteed by the United States Constitution and as provided in G. L. c. 277, § 72A.[2] The trial and pretrial proceedings were governed by G. L. c. 278, §§ 33A–33G. There was no error.

The following is a chronology of the events which occurred between January 5, 1973, when the original complaints were issued, and March 8, 1976, when the trial began in the Superior Court sitting in Essex County. There is little dispute between the parties as to those events. The incident leading to the instant charges occurred on December 18, 1972. The next day the defendant was arrested on separate armed robbery charges in New Hampshire. On February 16, 1973, he pleaded guilty to those New Hampshire charges and was given a sentence of two to five years in New Hampshire State Prison. At that time he had various robbery and drug charges pending against him in almost every District Court in Essex County and in the Superior Court as well. Warrants on some of those charges, not including the ones here in issue, were lodged against him at the New Hampshire prison. The defendant filed a request under the interstate Agreement on Detainers (St. 1965, c. 892) (Agreement) for disposition of all indictments, informations and complaints "on the basis of which detainers have been lodged against me . . . ." We note that this request was not applicable to the instant charges, in that no detainer concerning any of them had been lodged with the New Hampshire authorities. Furthermore, on May 8, 1973, subse-

---

[2] General Laws c. 277, § 72A, as appearing in St. 1965, c. 343, provides a mechanism whereby persons already incarcerated in Massachusetts prisons are given priority on the trial lists in order that any outstanding charges against them may be cleared up. *Commonwealth* v. *Stewart*, 361 Mass. 857, 858 (1972). *Commonwealth* v. *Gove*, 366 Mass. 351, 355 (1974). It provides for notice to inmates of untried indictments and of their right to apply to the court for "prompt trial or other disposition" of the charges. The statute further provides that, within six months after the application is received by the court, the prisoner shall be brought in for the trial or other disposition "unless the court shall otherwise order."

quent to filing the request, the defendant escaped from New Hampshire State Prison, thereby voiding his request. See Agreement, Article III(f).

He was taken into custody on May 11, 1973, in Massachusetts and held here for two months, during which he resisted rendition to New Hampshire and also appeared as a defendant once in the Superior Court sitting in Essex County and three times in the District Court in Salem. In July, 1973, he was returned to New Hampshire to continue serving his sentence, but in September was brought back to Massachusetts to face other charges in the Superior Court sitting in Essex County and in two District Courts. In February, 1974, the defendant pleaded guilty in the Superior Court to a charge of armed robbery and was sentenced to five to seven years in the Massachusetts Correctional Institution at Walpole (Walpole), to be served from and after the sentence he was then serving in New Hampshire. Four other criminal matters were placed on file at the same time.

On May 8, 1974, the defendant was brought to Walpole to begin serving the Massachusetts sentence which had been imposed the previous month. He was informed in June that the instant charges remained outstanding in the District Court of Southern Essex and on June 26 filed a request for a speedy trial with the Commissioner of Correction pursuant to G. L. c. 277, § 72A. In September, 1974, the defendant was brought into that court for a probable cause hearing, which resulted in his being bound over for the grand jury. After the indictments were returned on January 8, 1975, the defendant was arraigned in the Superior Court, and an appearance was filed by his present counsel.

On February 4, 1975, the defendant's motions for the grand jury minutes and a list of government witnesses were allowed. A week later the defendant filed the motion to dismiss for lack of a speedy trial, the denial of which is the basis of this appeal. On February 18, 1975, the case was called for trial. At that time the defendant's

counsel told the judge that he had not received the transcript of the grand jury minutes which (he said) was necessary in order for him to prepare the defense and that he did not want to go to trial without them. The prosecutor assured the judge that the minutes had been ordered, and the case was continued generally. On three separate occasions between February 21, 1975, and January 7, 1976, the prosecutor wrote to the stenographer (who apparently was not an official stenographer; see G. L. c. 221, §§ 82 and 86) requesting the grand jury minutes. He sent copies of those letters to the defendant's counsel. A motion for a speedy trial was filed on January 6, 1976, and allowed on January 14, 1976. On January 20, 1976, the grand jury minutes were delivered to counsel.

On February 10, 1976, a hearing was held on the motion to dismiss for lack of speedy trial which the defendant had filed a year earlier. The judge found that the Commonwealth was prepared for trial on February 18, 1975, that the Commonwealth had been sufficiently diligent in trying to procure the grand jury minutes from the stenographer, and that there had been no purposeful delay on the part of the Commonwealth in bringing the defendant's case to trial. The judge then denied the motion to dismiss. On February 20, 1976, there was a hearing on the defendant's motion to suppress an identification of him. That motion was also denied. Trial began on March 8, 1976, and the defendant was found guilty on March 11.

*Claim Under G. L. c. 277, § 72A.*

We consider first the defendant's claim under G. L. c. 277, § 72A. As the bind-over hearing in the District Court in September, 1974 (the defendant's request had been submitted in June, 1974), was a disposition of the District Court complaints well within the six-month period, it satisfied the requirements of the statute. *Commonwealth* v. *Stewart,* 361 Mass. 857, 858 (1972). *Commonwealth* v. *Fields,* 371 Mass. 274, 282–283 n.11 (1976). *Commonwealth* v. *Ambers,* 4 Mass. App. Ct. 647, 650

(1976). There being no valid request pursuant to § 72A in the Superior Court,[3] the only issue is whether the defendant was denied his right to a speedy trial guaranteed by the Sixth Amendment to the United States Constitution. *Klopfer* v. *North Carolina*, 386 U.S. 213, 222–223 (1967). *Barker* v. *Wingo*, 407 U.S. 514 (1972).

*Constitutional Claim.*

In order to determine whether the defendant's Sixth Amendment rights were violated, we engage in the analysis set forth in *Barker* v. *Wingo*, 407 U.S. 514 (1972), and *Commonwealth* v. *Horne*, 362 Mass. 738, 742–743 (1973).

1. Length of Delay.

The thirty-eight months which elapsed between the time the complaints were originally issued against the defendant and the time he was brought to trial is sufficient to trigger a careful examination of the reasons for the delay, the defendant's assertion of his rights, and the alleged prejudice to the defendant. See *Dillingham* v. *United States*, 423 U.S. 64 (1975).

2. Reasons for the Delay.

The reasonableness of the Commonwealth's actions must be determined on consideration of the special circumstances of each case. *Commonwealth* v. *Horne*, 362 Mass. at 743. It is clear on this record that during the period before the return of the indictments on the present charges the defendant was in and out of Massachusetts and appeared in many courts on different occasions. It appears that Massachusetts officials were proceeding diligently to try him on a large number of charges in a

[3] As we note, *infra*, at 497, the defendant claims he also filed such a request with the Superior Court in Essex County on September 20, 1974. Even if we were to find that that request was properly filed, it would not activate his rights under the statute. The charge for which an applicant seeks a speedy disposition must have a status before a particular court, and the statute directs that the application be made to that court. *Commonwealth* v. *Underwood*, 3 Mass. App. Ct. 522, 525 (1975). Here, since the indictments in the defendant's cases were not filed until January 8, 1975, the cases had no status in the Superior Court on September 20, 1974.

number of District Courts and in the Superior Court. Once the charges at issue in this case came to light, he was promptly given a probable ' cause hearing and promptly arraigned in the Superior Court. There is ample support in the record for the judge's findings that the delay of one year between the Superior Court arraignment and the trial was attributable to the defendant's requests for discovery and his counsel's assertion that he could not go to trial without the grand jury minutes. There was no evidence of purposeful delay on the part of the prosecution. See *Commonwealth* v. *Dominico,* 1 Mass. App. Ct. 693, 700–703 (1974); *Commonwealth* v. *Ambers,* 4 Mass. App. Ct. at 652–653. "When the delay is ordered to assist the defendant in his defense, or is assented to or caused by the defendant, or otherwise redounds to his benefit, dismissal of the indictment is not necessary." *Commonwealth* v. *Alexander,* 371 Mass. 726, 729 (1977). See *Commonwealth* v. *Gilbert,* 366 Mass. 18, 22 (1974); *Commonwealth* v. *Parry,* 1 Mass. App. Ct. 730, 734 (1974); *Commonwealth* v. *Jackson,* 3 Mass. App. Ct. 511, 516–517 (1975).

3. Defendant's Assertion of His Rights.

While imprisoned in New Hampshire, the defendant did assert his right to speedy disposition of certain charges against him. However, that request, under the Agreement, did not operate as a request for a speedy disposition of any of the present charges for the reason which we have stated above. The defendant's first formal assertion of his rights under G. L. c. 277, § 72A, with respect to the District Court complaints was made on June 26, 1974, and, as we have determined above, the statutory requirements were met. On February 11, 1975, the motion to dismiss which is before us was filed. The defendant claims that on September 20, 1974, he filed a request for a speedy trial on the present charges with the Superior Court in Essex County. There is no such motion entered on the docket. However, in his "Statement of Facts and Proceedings" in his brief, the defendant refers

Commonwealth *v.* Anderson.

to a document in the summary of the record, by its lettered designation, as the one he filed. That is an affidavit in support of a motion to dismiss on Sixth Amendment and statutory grounds. That motion was filed, pro se, with the affidavit on August 20, 1975, but was never acted upon and brings nothing before this court which has not already been raised by the motion filed the previous February. We have considered it only as evidence that the defendant asserted his right to a speedy trial.[4]

4. Prejudice.

As it has been shown that there was no culpability on the part of the Commonwealth in delaying the trial, the burden was on the defendant to demonstrate that he was prejudiced by the delay. *Commonwealth* v. *Gilbert,* 366 Mass. at 22. *Commonwealth* v. *Campbell,* 5 Mass. App. Ct. 571, 583–584 (1977). His assertions of prejudice are unpersuasive. The possibilities that the outstanding charges may have prevented him from obtaining parole or concurrent sentences are speculative and unsupported by the evidence. His assertion that he was denied a transfer from Walpole as a result of the pending charges and thus suffered anxiety and concern is equally speculative and without support in the record. *Commonwealth* v. *Blaney,* 5 Mass. App. Ct. 96, 100 (1977). *Commonwealth* v. *Campbell, supra* at 584–585.

Having reviewed the entire record and considered the defendant's claims of a denial of his right to a speedy trial under the Sixth Amendment, and having applied the balancing test stated in *Barker* v. *Wingo,* 407 U.S. 514 (1972), we hold that the defendant's constitutional right to a speedy trial was not abridged and that there was no error in the denial of the motion to dismiss which was filed in February, 1975.

*Judgments affirmed.*

---

[4] We note from the transcript of testimony and exhibits before the judge at the hearing on the motion to dismiss that an "Application To Superior Court For Speedy Trial" had been prepared by the defendant himself on September 20, 1974. The motion does not appear to have been filed in these cases.