COMMONWEALTH *vs.* VINCENT GIORDANO. April 7, 1980. The defendant appeals under the provisions of G. L. c. 278, §§ 33A-33G, from his convictions on indictments charging possession of burglarious implements and attempted breaking and entering of a building in the nighttime with intent to commit a felony therein. He claims that the indictments should have been dismissed because he was denied his right to a speedy trial as guaranteed by the Federal and State Constitutions, and because the Commonwealth failed to comply with the requirements of the Interstate Agreement on Detainers (agreement), St. 1965, c. 892, § 1. There was no error.

1. No violation of the defendant's rights under the agreement occurred. The agreement did not come into play until the Commonwealth filed its detainer in January of 1977. Agreement, art. III (a). *Commonwealth* v. *Florence,* 7 Mass. App. Ct. 126, 128 (1979). The defendant stopped the running of the 180-day period by escaping from the Franklin County house of correction. Agreement, art. III (f). See *Commonwealth* v. *Anderson,* 6 Mass. App. Ct. 492, 494 (1978). He thus cannot be heard to complain that he was tried more than 180 days after the detainer was lodged against him. Likewise, he cannot complain that after recapture his rights under the agreement were violated anew, as 162 days after his request pursuant to art. III(a) of the agreement he moved for a continuance.

2. We pass the question whether the defendant has properly preserved his constitutional claims (see *Commonwealth* v. *Gove,* 366 Mass. 351, 356 n.6 [1974]) in the trial court, because it is clear that there has been no infringement of his constitutional rights to a speedy trial. See *Barker* v. *Wingo,* 407 U.S. 514, 530 (1972). Compare *Commonwealth* v. *Look,* 379 Mass. 893, 897-903 (1980). No showing of prejudice has been made on this record (see *Barker* v. *Wingo, supra* at 532-533), and, in addition, most of the twenty-nine month delay (contrast *Commonwealth* v. *Beckett,* 373 Mass. 329 [1977]; *Commonwealth* v. *Burhoe,* 3 Mass. App. Ct. 590 [1975]) was attributable either to his whereabouts being unknown or to his being unavailable: he was incarcerated in other States (once in New Hampshire and twice in Rhode Island) and had escaped from the custody of Massachusetts authorities, as well as defaulting initially.

3. The defendant has made no argument in this court with respect to G. L. c. 277, § 72A, as appearing in St. 1965, c. 343. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975), and Rule 1:13 of the Appeals Court, as amended, 3 Mass. App. Ct. 801 (1975). In any event, that statutory provision has no application to the present circumstances. See *Commonwealth* v. *Lovell,* 6 Mass. App. Ct. 172, 174-175 (1978).

*Judgments affirmed.*

*William C. Newman* for the defendant.
*Stephen R. Kaplan,* Assistant District Attorney, for the Commonwealth.