COMMONWEALTH *vs.* RICHARD BELL. May 15, 1981. The defendant appeals from his conviction at a trial to a judge without a jury on an indictment charging him with armed robbery while masked. The defendant raises two issues on appeal: (1) that the Commonwealth's failure to bring him to trial within 180 days of receiving his demand under art. III of the Interstate Agreement on Detainers (IAD) (St. 1965, c. 892, § 1) required dismissal of the indictment against him, see art. V(c), IAD, and (2)

that dismissal of the indictment also was required under the provisions of Mass.R.Crim.P. 36(d)(3), 378 Mass. 913 (1979).

1. *Interstate Agreement on Detainers.* We agree with the conclusions stated in the judge's memorandum and order denying the defendant's motion to dismiss.

The judge found that "[n]o communication from any Massachusetts authority to the California authorities had made any reference to [the indictment in question]." That finding is amply supported by the record. The judge could properly have rejected the assertions in the defendant's affidavit and have accepted the statements contained in his counsel's supplementary affidavit.

The 180 days does not begin to run until "the detainer has been lodged against the prisoner," art. III(a), IAD; *Commonwealth* v. *Anderson,* 6 Mass. App. Ct. 492, 493-494 (1978); see *Commonwealth* v. *Giordano,* 9 Mass. App. Ct. 888 (1980), and the judge correctly determined that the detainer was not *lodged* on the instant indictment until May 16, 1980, a date well within 180 days of the trial date (September 24, 1980). Thus, when the factual predicate is removed, the defendant's argument evaporates.

2. *Massachusetts Rules of Criminal Procedure.* There was no violation of Mass.R.Crim.P. 36(d)(3). The defendant has not demonstrated any prejudice to him. Cf. *Commonwealth* v. *Gove,* 366 Mass. 351, 361 (1974). The claims put forth by the defendant are not only speculative, but are unreasonable in light of his circumstances, i.e., in addition to violating parole in Massachusetts, he had defaulted on an armed robbery charge here and fled to California where he was convicted and incarcerated on a similar serious felony charge. Nor has the defendant shown that the prosecutor unreasonably delayed in causing the detainer to be filed.

*Judgment affirmed.*

*Pamela Hattem* for the defendant.
*John D. Boyle,* Assistant District Attorney, for the Commonwealth.