COMMONWEALTH *vs.* ROBERT CORBIN. No. 87-850. March 18, 1988. *Interstate Agreement on Detainers. Practice, Criminal,* Detainer, Speedy trial.

On September 7, 1983, a grand jury returned indictments charging the defendant with aggravated rape and assault and battery. The defendant was arraigned and pleaded not guilty on October 13, 1983. About a month later, the defendant failed to appear at a pretrial conference and was defaulted. In the interim between the default and the current proceedings, the defendant was convicted in Arizona on two counts of sexual assault and of kidnapping.

On November 25, 1985, he was sentenced to a term of seven years in the Arizona State prison.

On May 19, 1986, the defendant, then incarcerated in Arizona, filed a proper request with the Arizona correctional authorities under the Interstate Agreement on Detainers Act (Act), St. 1965, c. 892, for disposition of the Massachusetts indictments. Under art. III(*a*) of the Act, the defendant was entitled to be tried on the charges within 180 days of May 19, 1986. *Commonwealth* v. *Martens*, 398 Mass. 674, 677 (1986).[1] That period expired (without taking into account excluded periods) without trial on November 15, 1986. The defendant filed a motion to dismiss the indictments on December 18, 1986 (213 days then having passed from the date of the request), see art. V(*c*) of the Act, which was allowed on February 20, 1987.

There is no need here to set out the purposes and workings of the Act which were explored fully in our recent decision in *Commonwealth* v. *Petrozziello*, 22 Mass. App. Ct. 71 (1986). See also *Commonwealth* v. *Martens, supra*; *United States* v. *Scheer*, 729 F.2d 164 (2d Cir. 1984). The only issue presented by the Commonwealth's appeal is whether, when the defendant filed his motion to dismiss,[2] the 180-day statutory period had not expired because of periods of exclusion permitted by the Act.

Relevant pretrial proceedings occurred in 1986 on July 14 and July 25, August 15, September 12, and November 13 and 21. In his findings of fact the judge identifies those proceedings and the results of each. In his rulings of law, the judge concluded that there had been no determination of "good cause shown in open court" (see art. III(*a*) of the Act) in the granting of continuances on November 13 and 21, 1986, and that there had been no waiver by the defendant of the 180-day period. As a result, the judge concluded that the statutory period expired on November 15, 1986.

The threshold question, raised by the defendant, is whether we may consider the transcripts of the hearings held on July 14 and 25, August 15, and September 12, 1986.[3] Those transcripts were not before the motion judge and were prepared and submitted by the Commonwealth for purposes of this appeal. The motion judge presided only at the hearing on July 25. The judge did have before him the Commonwealth's affidavit which recounted the results of each of these hearings and the dealings between the

---

[1] Until shortly before the defendant filed his motion to dismiss, both the prosecutor and defense counsel labored under the misapprehension that the 180-day period began to run on the day (July 14, 1986) when the defendant first appeared in court pursuant to his request under the Act for disposition of the charges. The Commonwealth concedes that this misunderstanding did not alter the statutory period.

[2] The filing of the motion suspended the running of time until the motion was decided. "The clock will not start running again until the rescript on this appeal has been entered in the trial court." *Commonwealth* v. *Petrozziello, supra* at 80.

[3] The defendant concedes that we may properly consider the transcripts of the November 13 and 21, 1986, hearings.

prosecutor and defense counsel with respect to plea bargaining.[4] It would have been better practice for the prosecutor to have supplied transcripts, or for the judge to have requested them, in view of the seriousness of the charges against the defendant, see *Commonwealth* v. *Petrozziello, supra* at 81-82, and the consequence of the ruling on the motion to dismiss. See *Barry* v. *Commonwealth*, 390 Mass. 285, 297 (1983). Neither of the affidavits is comprehensive of what occurred at the hearings. As we consider, in the circumstances, that the question whether certain periods of time are to be excluded in the computation of the 180 days is one of law (not discretion, as the defendant argues), we have reviewed the transcripts for purposes of passing on the propriety of the judge's dismissal ruling.

1. On July 14, 1986, the defendant's default was removed, he was ordered held in custody (with his agreement, so that his Arizona sentence would continue to run), and the case was continued to July 25, 1986, for a conference report. This period is not excludable. The continuance was not sought by either party; it was required by rule of court applicable to all cases. See Mass.R.Crim.P. 11(a)(2)(A), 378 Mass. 863 (1979). Cf. *Barry* v. *Commonwealth, supra* at 296 n.13.

2. On July 25, 1986, a pretrial conference report was filed, and the defendant requested a continuance to August 15, 1986, for the hearing of nonevidentiary motions. Article III(*a*) of the Act provides for the tolling of the 180-day period during the time of "any necessary or reasonable continuance" which has been granted "for good cause shown in open court." We think the first seven days of this period should be included in the 180 days, as a defendant is entitled by court rule to that time to file pretrial motions. See Mass.R.Crim.P. 13(d)(2)(A), 378 Mass. 873 (1979). Cf. *Barry* v. *Commonwealth, supra.* However, periods of delay resulting from a request by the defendant for continuance are excludable. See *Commonwealth* v. *Fasano*, 6 Mass. App. Ct. 325, 333-334 (1978); *Commonwealth* v. *Giordano*, 9 Mass. App. Ct. 888, 888 (1980); *Commonwealth* v. *Petrozziello, supra* at 80; *Brown* v. *Wolff*, 706 F.2d 902, 907 (9th Cir. 1983); *United States* v. *Scheer*, 729 F.2d at 168. As the defendant requested the continuance, the additional fourteen-day period which ensued should have been excluded.

3. On August 15, 1986, a Superior Court judge allowed the defendant's discovery motions (with the assent of the prosecutor) and motions to file late motions to suppress and to dismiss. The latter motions were referred to the trial judge.[5] A fair reading of the transcript of this hearing shows that the defendant again requested and was granted a continuance to September 12, 1986. The twenty-eight days which passed should have been excluded.

---

[4] The defendant filed an affidavit in which he refers to the first two of these hearings.

[5] The motion to suppress had been filed. No motion to dismiss, other than the one which is the subject of this appeal, was ever filed.

4. On September 12, 1986, the prosecutor asked for a trial date of November 13, 1986, and defendant's counsel expressly acquiesced. That sixty-two-day period should have been excluded. See *Barry* v. *Commonwealth, supra* at 295; *Commonwealth* v. *Farris*, 390 Mass. 300, 305 (1983); *Commonwealth* v. *Bunting*, 401 Mass. 687, 690 (1988); *Commonwealth* v. *Campbell*, 401 Mass. 698, 702 (1988).

5. On November 13, 1986, the prosecutor reported that he was ready for trial with witnesses on call. The defendant's counsel informed the judge that the defendant's Arizona convictions had been reversed. Defendant's counsel asked that the defendant be admitted to bail; the request was denied. Then the defendant's counsel asked for and was granted a continuance to November 21, 1986, so that he could determine the defendant's status in Arizona. This period of eight days should have been excluded.

6. On November 21, 1986, another case was on trial in the only criminal session of the Superior Court in Lowell. The parties asked for a trial date. Defendant's counsel stated that he preferred to have the trial in Lowell even though he knew only one session operated there. By agreement, a trial date for December 18, 1986, was set, and defendant's counsel stated that "[i]f there's a problem at that time perhaps we could have it moved to Cambridge." On November 21, 1986, taking into account periods of exclusion which we have previously discussed, seventy-four of the 180 statutory days had passed. In addition, the twenty-seven-day period from November 21 to December 18, 1986, should not be counted for the reason either that the defendant acquiesced in the continuance or that it was necessitated by scheduling difficulties. See *Commonwealth* v. *Dickson*, 386 Mass. 230, 232 (1982); *Commonwealth* v. *Carrillo*, 5 Mass. App. Ct. 812, 813 (1977).

In summary, we conclude that only seventy-four days of the 180-day period prescribed by the Act had elapsed on December 18, 1986, when the motion to dismiss was filed. See note 2, *supra*. Thus, it was error to dismiss the indictments.

We note that in the circumstances the purposes of the Act have not been frustrated. The Commonwealth has not been dilatory. Both the prosecutor and the defendant's counsel harbored a mistaken belief about the beginning date of the 180-day period. The defendant's rehabilitation in Arizona has not been adversely affected. The charges are serious. See *Commonwealth* v. *Petrozziello, supra* at 81-82.

The order allowing the defendant's motion to dismiss the indictments is reversed.

*So ordered.*

*Michael Fabbri,* Assistant District Attorney, for the Commonwealth.
*Eric Brandt,* Committee for Public Counsel Services, for the defendant.