COMMONWEALTH *vs.* WILLIAM J. HEALY, JR. No. 88-P-176. November 8, 1988. *Interstate Agreement on Detainers. Practice, Criminal,* Detainer, Speedy trial.

On April 23, 1984, a Plymouth County grand jury returned several indictments against the defendant, charging him with larceny, attempted larceny, forgery, and uttering. The Commonwealth, on May 11, 1984, delivered a warrant for the defendant's arrest to the United States Marshals' Service. Subsequently, on November 20, 1984, the district attorney's office was notified by correctional authorities at the Federal Correctional Institution in Milan, Michigan, that the defendant was serving a sentence at that institution. They informed the district attorney's office that a detainer in connection with the pending State cases had been lodged against the defendant at the institution. On June 20, 1986, the defendant filed a request under the Interstate Agreement on Detainers Act (Act), St. 1965, c. 892, seeking disposition of the pending Plymouth County indictments. The defendant's request was not forwarded by the correctional authorities to the district attorney's office until August 4, 1986, and was received by that office on August 12, 1986.

Pursuant to the Act, the defendant was brought back on December 5, 1986, to Massachusetts and arraigned in the Superior Court in Plymouth County on the pending charges. He pleaded not guilty, and the assistant district attorney requested December 18, 1986, as the date for the filing of a conference report. The defendant agreed to that date. On December 18, the defendant filed a motion to dismiss the indictments. He claimed that, under art. III(a) of the Act, he was entitled to be tried on the outstanding charges within 180 days after he had filed his request with the correctional officials in Michigan (June 20, 1986). According to the defendant, that

---

period expired on December 17, 1986, and the pending indictments therefore had to be dismissed. The judge agreed with the defendant and allowed his motion. On appeal, the Commonwealth contends that the 180-day statutory period had not expired because the thirteen-day period between the defendant's arraignment and the date of the filing of the conference report is excluded in the computation of the statutory period.

We disagree with the Commonwealth's argument. In *Commonwealth* v. *Corbin*, 25 Mass. App. Ct. 977, 979 (1988), it was held that a continuance for the purposes of the filing of a conference report is not excludable from the 180-day period because the "continuance was not sought by either party; it was required by rule of court applicable to all cases." See Mass.R.Crim.P. 11(a)(2)(A), 378 Mass. 863 (1979). Cf. *Barry* v. *Commonwealth*, 390 Mass. 285, 297 (1983)(same rule applies in Mass.R.Crim.P. 36 cases). Here, the continuance was for the same reason as in *Corbin*, and it follows that the thirteen-day period is not excludable.[1] Nothing in *Commonwealth* v. *Petrozziello*, 22 Mass. App. Ct. 71, cert. denied, 479 U.S. 852 (1986), is to the contrary. The Commonwealth's argument that this court should overrule the Supreme Judicial Court's decision in *Commonwealth* v. *Martens*, 398 Mass. 674 (1986), cert. denied, 481 U.S. 1041 (1987), is frivolous, as we lack any such power.

The order allowing the defendant's motion to dismiss the indictments is affirmed.

*So ordered.*

*Ann E. Rascati,* Assistant District Attorney, for the Commonwealth.
*Paul J. Healy* for the defendant.

---

[1] Undoubtedly, the assistant district attorney labored under a misapprehension as to when the 180-day period would expire at the time she requested December 18 as the date for the filing of the conference report. That misunderstanding, however, does not alter the statutory period. *Commonwealth* v. *Corbin, supra* at 978 n.1.

The Commonwealth is cautioned that it must keep accurate records as to the running of the statutory periods under the Act.

