Brassard, J.
INTRODUCTION
OnFebruaiy 21, 1991, the defendant, Pedro Flores, was indicted in Massachusetts (Middlesex Superior Court) for: (1) trafficking in 200 grams or more of cocaine in violation of G.L.c. 94C, §32E(b)(4); and (2) conspiracy to traffic in a controlled substance in violation of G.L.c. 94C, §40. The defendant defaulted on the indictments. Subsequently, the Middlesex District Attorney’s office lodged a governor’s warrant against the defendant on the defaulted indictments at a Rhode Island correctional facility where he was incarcerated on an unrelated matter. On September 3, 1997, the defendant filed a written request with Rhode Island custodial authorities for disposition of the defaulted Massachusetts indictments pursuant to the Interstate Agreement on Detainers (“IAD”). The defendant now moves to dismiss these indictments. As grounds, the defendant argues that he was not brought to trial within 180 days of filing his request for disposition with Rhode Island custodial authorities as required by the IAD. After two evidentiary hearings, and for the reasons set forth below, the defendant’s motion is DENIED.
FINDINGS OF FACT
On October 24, 1991 the defendant defaulted on charges pending in Middlesex Superior Court of trafficking in over 200 grams of cocaine and conspiracy to traffic in a controlled substance. On December 6, 1996, the Middlesex District Attorney’s office lodged a governor’s warrant for the defendant on the defaulted charges with the Rhode Island correctional institution where he was incarcerated on an unrelated matter.[1] Rhode Island custodial authorities advised the defendant of his rights, pursuant to the IAD, to request disposition of the defaulted Massachusetts charges, for which the governor’s warrant had been filed. On September 3, 1997, the defendant filed a formal, written request with Rhode Island custodial authorities seeking disposition of his defaulted Massachusetts indictments. In late January of 1998, Rhode Island authorities forwarded a copy of the defendant’s request to the Middlesex District Attorney’s office. The Middlesex District Attorney’s office received this request on February 10, 1998.[2]
On August 5, 1998, the defendant appeared before the Middlesex Superior Court pursuant to the governor’s warrant on the defaulted indictments.[3] On that date, Attorney Kemer, who represented the defendant in 1991, came forward and indicated that since he no longer worked for the law firm originally hired by the defendant, he wished to withdraw from the case. Further, Attorney Kemer thought that firm had been notified of the defendant’s return to Massachusetts, but did not know if it intended to continue to represent the defendant. The case was continued until August 13, 1998 to resolve the question of defendant’s counsel. On August 13, 1998, Attorney Dominguez filed an appearance on behalf of the defendant. He sought a continuance, which was agreed to by the Commonwealth, in order to investigate whether the defendant had requested a speedy trial. The case was continued until August 28, 1998 for a status. On August 28, 1998, Attorney Dominguez failed to appear before the court, but requested by phone that the matter be continued until September 4, 1998. On September 4, 1998, Attorney Dominguez, on behalf of the defendant, filed the instant motion to dismiss the pending indictments. As grounds, the defendant contends that he was not brought to trial within 180 days of making a request for disposition of the present indictments to the Rhode Island custodial authorities as required by the IAD.
DISCUSSION
The IAD, as enacted by the Commonwealth of Massachusetts, prescribes procedures by which an out-of-state prisoner may demand the speedy disposition of charges pending against him in Massachusetts. G.L.c. 276 App. §1-1, Art. 111(a) provides, in pertinent part:
Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment,... on the basis of which a detainer has been lodged against that prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer’s jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment. . .
Under the statute, if Massachusetts lodges a detainer against an out-of-state prisoner incarcerated in a state which is also a party to the IAD, the prisoner *260 may then request timely disposition of the charges underlying the detainer.[4] Commonwealth v. Bell, 11 Mass.App.Ct. 1035, 1036(1981) (provisions of the IAD become operative when Massachusetts lodges a detainer for an out-of-state prisoner with custodial authorities of party state). To make an adequate request for disposition, a prisoner must cause written notice of his request to be delivered to the appropriate prosecuting officer and court. G.L.c. 276, App. §1-1, Art. 111(a). The prisoner gives or sends his written request to the warden, commissioner of correction or other official having custody of him. G.L.c. 276, App. §1-1. Art. 111(b) The custodial official must then promptly forward the request to the appropriate prosecuting official and court by registered or certified mail, return receipt requested. Id. If the prisoner is not brought to trial within 180 days after he has made a request for disposition, the indictments against the prisoner must be dismissed with prejudice. G.L.c. 276, App. §1-1, Art. V(c); Commonwealth v. Martens, 398 Mass. 674 (1986).
In the case at bar, the defendant contends that the 180 day limit within which a prisoner must be tried commences on the day the prisoner provides written notification to custodial authorities that he wants to dispose of pending out-of-state indictments for which a detainer has been filed against him. Commonwealth v. Martens, 398 Mass. 674 (1986) (under the IAD, 180 day period within which prisoner must be tried commences when he files his request for disposition of pending out-of-state indictments with correctional authorities in the state where he is incarcerated and not when those authorities forward the request to the state where indictments are pending). Applying Martens to the case at bar, the defendant argues that the 180 day time limit within which he should have been tried began to run on September 3, 1997, the date on which he provided a written request to Rhode Island officials to dispose of the present indictments. Consequently, the defendant argues, the 180 days within which he should have been tried has expired and the indictments should be dismissed.
The Martens case is not the controlling authority, however, on the question of when the 180 day time limit commences under the IAD. The IAD is a “congressionally sanctioned interstate compact the interpretation of which presents a question of federal law.” Cuyler v. Adams, 449 U.S. 433, 442 (1981). In Cuyler, the Supreme Court stated:
The Compact Clause of the United States Constitution, Art. 1 §10, cl. 3, provides that ‘No State shall, without the Consent of Congress, ... enter into any Agreement or Compact with another State . . .’ Because congressional consent transforms an interstate compact within this Clause into a law of the United States, we have held that the construction of an interstate agreement sanctioned by Congress under the Compact Clause presents a federal question.
Id. at 438.
“Congress gave its consent [to the IAD] in advance by enacting the Crime Control Consent Act of 1934 . . .” Id. at 441. With this consent, the IAD was transformed into federal law under the Compact Clause, and the construction of this agreement presents a federal question. Id. at 438-42. Consequently, the Supreme Court is the controlling authority on the interpretation of the provisions of the IAD. The Supreme Judicial Court has so held. Commonwealth v. Wilson, 399 Mass. 455, 462 n.10 (1987) (IAD is, “an interstate compact approved by Congress ... as required by art. I, §10, cl. 3 of the United States Constitution (citing Cuyler v. Adams, supra at 438-42). The United States Supreme Court is the final interpreter of such a compact” (citations omitted)). The Supreme Court has ruled “that the 180-day time period in Article 111(a) of the IAD does not commence until the prisoner’s request for final disposition of the charges against him has actually been delivered to the court and prosecuting officer of the jurisdiction that lodged the detainer against him.” Fex v. Michigan, 507 U.S. 43, 52 (1993). Accordingly, the IAD as construed by Fex requires that a prisoner must be tried within 180 days of the date when his request for disposition is actually received by the state in which the charges are pending, not when the prisoner provides that request to his custodial authorities as argued by the defendant.[5] Here, the 180 days within which the defendant must be tried commenced when the Middlesex District Attorney’s office received the defendant’s request for disposition of his Massachusetts indictments on February 10, 1998. Fex, supra.
Recognizing February 10, 1998 as the date that triggered the 180 day statutory period, this court finds that 176 days passed before the defendant appeared before this court on August 5, 1998. The record fails to reflect why the defendant’s request for disposition was delayed between February 10, 1998 and August 5, 1998. On August 5, the case was continued until August 13, at the request of the defendant’s former attorney to determine who, if anyone, still represented the defendant on the present charges. Given that the confusion regarding the defendant’s counsel was attributable to the lengthy delay in prosecution caused by the defendant’s default, the time between August 5 and August 13 cannot fairly be construed against the Commonwealth. Therefore, it is reasonable to exclude this time from the 180 day limit for prosecution. Article 111(a) provides for tolling of the 180 day period during the time of “any necessary or reasonable continuance” granted for “good cause shown in open court.” See Commonwealth v. Corbin, 25 Mass.App.Ct. 977, 979 (1988) (“periods of delay resulting from a request by the defendant for continuance are excludable”); Commonwealth v. Fasano, 6 Mass.App.Ct. 325, 333-334 *261 (1978). On August 13, defendant’s new counsel, Attorney Dominguez, sought a continuance to August 28 to investigate whether the defendant had requested a speedy trial. Since the defendant requested the continuance, this time should also be excluded from the 180 day time limit. Corbin, supra. Finally, on August 28, defendant’s counsel failed to appear in court and again requested a continuance. Similarly, this time will not be construed against the Commonwealth and will be excluded from the 180 day time limit. Id. On September 4, 1998, the defendant filed the present motion to dismiss the indictments which tolls the running of the 180 day clock until it is decided. Id. at 978 n. 2; Commonwealth v. Petrozziello, 22 Mass.App.Ct. 71 (1986). Consequently, only 176 days have passed since the 180 day time limit within which the defendant should have been tried pursuant to the IAD.[6] Accordingly, the defendant’s motion to dismiss is denied.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s motion to dismiss the indictments is DENIED.

The defendant was incarcerated in Rhode Island under the name of Juan Imparo. Nevertheless, the Middlesex District Attorney’s office was able to identify the defendant and lodge a governor’s warrant against him pursuant to the defaulted Massachusetts indictments in the name of Pedro Flores.

The Middlesex District Attorney’s office misplaced the defendant’s request for disposition of his defaulted Massachusetts indictments which request it received from Rhode Island custodial authorities on February 10, 1998. All parties agree, however, that the documents before the court for purposes of the present motion are copies of the defendant’s request for disposition received by the Middlesex District Attorney on February 10, 1998.

For purposes of the present motion, the court ordered transcripts of the defendant’s appearances before the Middle-sex Superior Court on August 5, 1998, August 13, 1998 and August 28, 1998.

A detainer is defined as, “a notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charges in another jurisdiction.” Commonwealth v. Wilson, 399 Mass. 455, n. 7 (1987). Here, the governor’s warrant lodged against the defendant with the Rhode Island correctional institution where he was incarcerated constitutes a detainer. Further, Rhode Island is also a party to the IAD. See Rhode Island General Laws 1956, §§13-13-1 to 13-13-8.

The defendant contends that this court is not bound by the United States Supreme Court’s interpretation of the provisions of the IAD as enumerated in Fex. As support for this proposition, the defendant cites State of Washington v. Morris, 74 Wash. App. 293 (1994). In Morris, the court was interpreting a state statute which applied to the intrastate transfer of prisoners, not the interstate transfer pursuant to the IAD. The court held, “we disagree [with the decision in Fex) and because we are interpreting our own state law, we are free to do so.” Id. at 299. Consequently, Morris provides no support for the contention that the United States Supreme Court is not the controlling authority on the interpretation of the provisions of the IAD.

In the present case, the court does not need to consider the issue of whether a continuance of the 180 day time limit must be requested and granted before the 180 days has expired. See Fex v. Michigan, supra at 51 n. 5 (“Some courts have held that a continuance must be requested and granted before the 180-day period has expired. (Citations omitted.) We express no view on this point”).