COMMONWEALTH *vs.* JAMES HARRINGTON.

No. 08-P-660.

Middlesex. February 10, 2009. - April 2, 2009.

Present: GREEN, BROWN, & VUONO, JJ.

*Appeals Court,* Jurisdiction. *Jurisdiction,* Justiciable question. *Practice, Criminal,* Report.

This court declined a District Court judge's solicitation to declare the Supreme Judicial Court's use of the Model Penal Code to interpret the provisions of G. L. c. 272, § 53, a violation of the separation of powers among the three branches of government, as this court is without authority to make such a declaration, it is not this court's practice to answer constitutional questions in the abstract, and even if this court had such authority and were to consider the question, it would be unlikely to endorse the solicited conclusion. [15-16]

COMPLAINT received and sworn to in the Framingham Division of the District Court Department on November 28, 2007.

The case was reported by *Douglas W. Stoddart,* J.

*Lawrence K. DeMeo* for the defendant.

*Bethany Stevens,* Assistant District Attorney, for the Commonwealth.

GREEN, J. The case comes before us on a report by a judge of the District Court, entered before trial and ostensibly under Mass.R.Crim.P. 34, as amended, 442 Mass. 1501 (2004).[1] The report does not frame a question of law; instead, it expresses the judge's view that the decision of the Supreme Judicial Court in *Alegata* v. *Commonwealth,* 353 Mass. 287 (1967), "violated the separation of powers among the three branches of government" by its use of § 250.2 of the Model Penal Code (Proposed

---

[1]In relevant part, rule 34 provides: "If, prior to trial, . . . a question of law arises which the trial judge determines is so important or doubtful as to require the decision of the Appeals Court, the judge may report the case so far as necessary to present the question of law arising therein."

Official Draft) to interpret the provisions of G. L. c. 272, § 53. Based on that conclusion, the judge "solicits the Appeals Court to declare the use of the Model Penal Code a violation of the separation of powers, to order the District Courts to return to the exact language of the current statute and to craft a jury instruction consistent with the existing statute." We decline the solicitation and discharge the report.[2]

As a threshold matter, we reiterate that we are without authority to make the requested declaration. In *Commonwealth* v. *Healy*, 26 Mass. App. Ct. 990, 991 (1988), we held that the "argument that this court should overrule the Supreme Judicial Court's decision . . . is frivolous, as we lack any such power." "In fact, from the very earliest decisions we issued and continuing to this day, we have uniformly and unequivocally held we have no power to alter, overrule or decline to follow the holding of cases the Supreme Judicial Court has decided." *Commonwealth* v. *Dube*, 59 Mass. App. Ct. 476, 485 (2003), and cases cited.

Moreover, "[a]s to constitutional questions, our 'traditional and salutary practice' is not to answer them in the abstract and to wait 'until the circumstances of a case are established' that require an answer to such questions." *Commonwealth* v. *Bankert*, 67 Mass. App. Ct. 118, 121 (2006), quoting from *Commonwealth* v. *Two Juveniles*, 397 Mass. 261, 264 (1986). "Accordingly, we will not determine whether a statute or regulation is void for vagueness until after a trial." *Commonwealth* v. *Bankert, supra.*

Even were we possessed of the authority to consider the issue and inclined to depart from our traditional reluctance to consider such questions devoid of a factual record, we would be most unlikely to endorse the judge's conclusion. In its brief, the Commonwealth has explained in thorough and persuasive detail how the Supreme Judicial Court's use of the Model Penal Code in *Alegata* v. *Commonwealth, supra*, was an entirely permissible use

---

[2]This is not the first occasion on which the judge has sought such a ruling. On October 23, 2002, a panel of this court issued its memorandum and order pursuant to Appeals Court rule 1:28, discharging a report from the same judge that made a substantially identical request. See *Commonwealth* v. *Roesemann*, 56 Mass. App. Ct. 1105 (2002). The docket of that case reflects that the judge filed a motion (subsequently withdrawn) to be allowed to participate in oral argument and, after entry of the rescript, filed a petition for rehearing (which was denied).

of an interpretive aid to statutory construction, citing other examples in which the court has turned to the Model Penal Code for similar assistance. See, e.g., *Commonwealth* v. *Gallant*, 373 Mass. 577, 589 (1977) (construing G. L. c. 265, § 23, concerning "unnatural sexual intercourse"); *Commonwealth* v. *Deberry*, 441 Mass. 211, 222 (2004) (construing G. L. c. 266, § 127, concerning "value of the property so destroyed or injured").[3]

We also consider it significant that more than forty-one years have passed since the decision of the Supreme Judicial Court in *Alegata* v. *Commonwealth, supra.* During that time, the Legislature has twice amended the statute without change to the language addressed in the *Alegata* decision. When the Legislature amends the language of a statute, there is a presumption that the Legislature is "aware of the prior state of the law as explicated by the decisions of [the Supreme Judicial Court]." *Commonwealth* v. *Colturi*, 448 Mass. 809, 812 (2007), quoting from *Commonwealth* v. *Callahan*, 440 Mass. 436, 441 (2003). Thus, where "the Legislature reenacts a statute using the same language, the Legislature must be presumed to have adopted the prior judicial construction of that language." *Commonwealth* v. *Boucher*, 438 Mass. 274, 280 (2002).[4]

The report is discharged. The case is remanded to the District Court for further proceedings consistent with this opinion and those of the Supreme Judicial Court.

*So ordered.*

---

[3]The Supreme Judicial Court has also displayed a willingness to use the Model Penal Code to modernize or develop common-law principles. See, e.g., *Commonwealth* v. *McHoul*, 352 Mass. 544, 548, 555 (1967) (adopting § 4.01 of Model Penal Code as definition of "criminal irresponsibility"); *Commonwealth* v. *Klein*, 372 Mass. 823, 830-831 (1977) (adopting § 3.07 of Model Penal Code to establish limits of arresting citizen's right to use deadly force).

[4]We are unpersuaded by the defendant's suggestion that the Legislature disavowed the Supreme Judicial Court's interpretation of the statute when it declined to enact bills sponsored by the District Court judge, then a State representative, in 1995 and 1997. See 1995 House Doc. No. 4587; 1997 House Doc. No. 1094. Both proposed bills included language that the Supreme Judicial Court previously had ruled unconstitutional in *Commonwealth* v. *A Juvenile*, 368 Mass. 580, 587 (1975).