COMMONWEALTH vs. STEVEN SOMMER. No. 09-P-920. July 13, 2010. *Idle and Disorderly Person. Practice, Criminal,* Instructions to jury. *Evidence,* Prior violent conduct, Self-defense. *Self-Defense. Assault and Battery.*

Steven Sommer, the defendant, was charged with assault and battery, G. L. c. 265, § 13A(a); threats to commit a crime, G. L. c. 275, § 2; disorderly conduct, G. L. c. 272, § 53; and assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A(a). After trial before a jury, he was convicted of assault and battery and disorderly conduct, and acquitted on the remaining charges.

The charges stemmed from a fight between the defendant and his niece's boyfriend. Both the defendant and the boyfriend testified that the other instigated the fight. A friend of the boyfriend testified that the defendant started the fight, but the effect of that testimony was modulated by effective cross-examination. A fourth witness, who simply happened on the scene, was able to testify only that he saw the two men fighting.

---

The defendant's first contention is that, although the disorderly conduct instruction given by the trial judge was consistent with the Supreme Judicial Court's interpretation of the disorderly conduct statute in *Alegata* v. *Commonwealth*, 353 Mass. 287 (1967), the *Alegata* decision was erroneous. Indeed, in the defendant's view, *Alegata* "ignored more than 150 years of caselaw . . . , ignored clear and recent legislative intent, improperly assumed legislative authority, and rewrote the statute, . . . [all] an unambiguous violation of the court's constitutional authority."

This court, however, has no authority to revise decisions of the Supreme Judicial Court. See, e.g., *Commonwealth* v. *Vasquez*, 456 Mass. 350, 356 (2010); *Commonwealth* v. *Dube*, 59 Mass. App. Ct. 476, 486 (2003); *Commonwealth* v. *Harrington*, 74 Mass. App. Ct. 14, 15 (2009). Instead, this court is obliged to follow those decisions until they are modified or overruled either by the Supreme Judicial Court itself or by a higher authority. Accordingly, the defendant's quarrels with *Alegata* must be saved for a different forum.

The defendant's second claim of error is that the trial judge refused to give a "first aggressor" instruction in accordance with what the defendant claims is the mandate of *Commonwealth* v. *Adjutant*, 443 Mass. 649 (2005).[1] The judge declined to give the instruction because he, along with the prosecutor, understood *Adjutant* to apply only when a defendant had knowledge of the victim's earlier aggressive behavior. That, as the Commonwealth concedes, was error, for *Adjutant* dealt specifically with admission of evidence of prior aggressive behavior about which the defendant knew nothing. *Id.* at 657-658.

The judge, however, did give a careful self-defense instruction. He also permitted introduction of evidence of the victim's prior conviction of assault by means of a dangerous weapon, and, although all parties agreed that that evidence was admitted solely to impeach the victim's credibility, the judge gave no limiting instruction to that effect. In effect, then, the jury had before them precisely the kind of evidence that *Adjutant* said a defendant was entitled to introduce. See *Adjutant, supra* at 664.

Moreover, although the court in *Adjutant* discussed instructions designed to "mitigate the dangers of prejudice and confusion inherent in introducing evidence of the victim's specific acts of violence by delineating the precise purpose for which the evidence is offered," *Adjutant, supra* at 664, those instructions are designed to protect the Commonwealth, not the defendant, by limiting the purpose for which the jury may use evidence of the victim's earlier aggression. See *id.* at 661, 664. Proper purposes would include determining whether the Commonwealth had proved the absence of provocation, see, e.g., *Commonwealth* v. *Nunes*, 430 Mass. 1, 6-7 (1999), or the defendant's lack of fear that his safety was in jeopardy. See *Commonwealth* v. *Baseler*, 419 Mass. 500, 502-503 (1995). See generally, e.g., *Commonwealth* v. *Santos*, 454 Mass. 770, 780-781 (2009).

In sum, the defendant put before the jury without any limitation evidence of the victim's prior aggressive behavior. He, therefore, had everything *Adjutant, supra,* entitled him to have and more. Under those circumstances, despite the

---

[1]There was no objection to the instruction as given, so, if error occurred, our review would be limited to determining whether the error created a substantial risk of a miscarriage of justice.

undoubted misreading of *Adjutant* that occurred at the trial, there was no substantial risk of a miscarriage of justice.

*Judgments affirmed.*

*Benjamin Cook* for the defendant.

*Cynthia M. Pepyne,* Assistant District Attorney, for the Commonwealth.