NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-411

COMMONWEALTH

vs.

HECTOR SAMUEL PEDROZA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from orders of a Superior Court judge denying his motion for a new trial and reconsideration of that denied motion. We affirm.

Background. In 2012, a grand jury indicted the defendant on three counts of rape of a child, G. L. c. 265, § 23. The victim in each instance was the defendant's niece. Approximately two years later, a Superior Court jury found the defendant guilty of the crimes alleged in the first indictment -- rapes "on diverse dates between June 5, 1989[,] and August 17, 1993" -- and acquitted him on the two remaining indictments. The defendant timely filed a direct appeal from his conviction, arguing, inter alia, that the judge erred by excluding evidence

of the victim's prior inconsistent statements -- specifically, statements that she had been sexually abused by a different uncle.[1]  See Commonwealth v. Pedroza, 90 Mass. App. Ct. 1118 n.2 (2016).  In 2016, a panel of this court issued an unpublished decision under our former rule 1:28 affirming the defendant's conviction.  Id.  In 2017, the defendant's petition for further appellate review was denied.  See Commonwealth v. Pedroza, 476 Mass. 1112 (2017).

In 2022, the defendant filed a motion for a new trial.  The motion judge, who did not preside over the defendant's trial, declined to hold an evidentiary hearing on the motion.  Nevertheless, the judge did hear arguments and review the parties' submissions before denying the defendant's motion in a detailed written memorandum.  The defendant moved for reconsideration and, when that motion was denied, filed this appeal from the judge's rulings on both motions.  Reviewing the defendant's substantive arguments de novo, see Commonwealth v. Bastos, 103 Mass. App. Ct. 376, 382 (2023), citing Commonwealth v. Watkins, 486 Mass. 801, 804 (2021), and the denial of his request for an evidentiary hearing for a significant error of

---

[1] The defendant also argued that the trial judge erred in admitting substitute first complaint testimony from the victim's brother, and that the prosecutor's closing argument included improper vouching.  See Commonwealth v. Pedroza, 90 Mass. App. Ct. 1118 (2016).

2

law or other abuse of discretion, see Commonwealth v. Upton, 484 Mass. 155, 162 (2020), we affirm.

Discussion.  1.  Ineffective assistance of counsel. Reviewing the record under the familiar standard set forth in Commonwealth v. Saferian, 366 Mass. 89, 96 (1974),[2] we are not persuaded that trial counsel's failure to impeach the victim with her prior inconsistent statements amounted to ineffective assistance in this case.  See Commonwealth v. Aspen, 85 Mass. App. Ct. 278, 279 n.4 (2014), quoting Commonwealth v. Fisher, 433 Mass. 340, 357 (2001).  Although trial counsel may be ineffective based on a "failure to pursue some obviously powerful form of impeachment," Fisher, supra, the defendant has not persuaded us that that exception applies here.

At trial, defense counsel sought leave to cross-examine the victim regarding statements she made to the police identifying the defendant's brother as the perpetrator of two of the crimes the defendant was charged with.  As a panel of this court concluded in its decision affirming the defendant's convictions, the trial judge did not foreclose the defendant from using those

---

[2] To prove ineffective assistance of counsel, a defendant is required to show (1) "serious incompetency, inefficiency, or inattention of counsel -- behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer," and (2) that this deficiency "likely deprived the defendant of an otherwise available, substantial ground of defence."  Saferian, 366 Mass. at 96.

3

statements, but "ruled that the elicitation of the requested evidence would entitle the Commonwealth to introduce additional statements by the victim that she had been sexually abused by both individuals." Pedroza, 90 Mass. App. Ct. 1118. Thereafter, "[t]he defendant did not seek to elicit the evidence of prior inconsistent statements," which was a decision we inferred was both tactical and "a rational strategic approach." Id. at n.2.

We reach a similar conclusion here.[3] Although the defendant contends that the evidence of the victim's prior inconsistent statements was potential "dynamite," and that trial counsel's failure to use such powerful evidence could only be the result of a misunderstanding of the judge's ruling or a manifestly unreasonable strategic decision, we are not persuaded. The judge's ruling was made on the record and was clearly explained, and defense counsel expressed no confusion about it.[4] Moreover,

---

[3] Reviewing the briefing in the underlying appeal, we are not convinced that any claim of ineffective assistance of counsel was "actually litigated," such that direct estoppel would preclude our consideration of the defendant's ineffective assistance claim here. See Commonwealth v. McDermott, 493 Mass. 403, 419 n.8 (2024) (when prior appeals resolve narrow issues, that does not estop defendants from arguing broader questions in subsequent appeals).

[4] Where the complete transcripts of the trial were filed as part of the defendant's direct appeal in this court, we take judicial notice of them. See Commonwealth v. Robertson, 489 Mass. 226, 240 n.11 (2022).

4

the defendant did not support his motion for a new trial with an affidavit of his trial counsel.[5]

The burden is on the defendant to demonstrate that trial counsel's conduct fell below accepted standards of practice. See Saferian, 366 Mass. at 98-99 (holding that defendant did not sufficiently establish case of ineffective assistance).  Here, the record does not permit us to determine whether the counsel's failure to impeach the victim with her prior inconsistent statements was an oversight, or whether it was a tactical decision; if it were the latter, however, we are not persuaded that the decision was manifestly unreasonable.[6]

---

[5] In support of his 2023 motion to reconsider the denial of his motion for a new trial, the defendant did include a 2015 affidavit of trial counsel.  In that affidavit, counsel averred that the judge "denied" him the opportunity to use the victim's prior inconsistent statements.  We give that affidavit little weight, however, as it is evident from the docket that the affidavit was prepared in connection with the parties' attempts to reconstruct the trial record and not for the purpose of supporting the defendant's ineffective assistance claim raised nearly seven years later.

[6] Indeed, if defense counsel had used the victim's prior inconsistent statements to impeach her, the judge would have almost certainly permitted the prosecution to rehabilitate the victim.  This would have likely involved the prosecutor using evidence that the defendant and the other perpetrator were sexually abusing the victim in similar ways during the same periods of time, including when both men were living with the victim's family in Massachusetts.  Accordingly, we consider it entirely reasonable that defense counsel would decide not to impeach the victim using these statements.

2. Specific unanimity instruction. The defendant was convicted on the first indictment, which charged him with rape of a child "on diverse dates" between June 5, 1989, and August 17, 1993. He was acquitted on the remaining two indictments. The judge instructed the jury, sua sponte:

> "[T]he Commonwealth alleges that the conduct occurred on diverse dates between two dates. You may find the defendant guilty only if you are all unanimously agreed that the Commonwealth has proved beyond a reasonable doubt that the defendant committed the offense on at least one specific occasion during the alleged time period. It is not necessary for the Commonwealth to prove, or for you all to agree, that the offense was also committed on other occasions. However, you must be unanimously agreed that the Commonwealth has proved that the defendant committed the offense on at least one specific occasion during the time period alleged in the indictment."

The judge's instruction was an accurate statement of the law.[7] See, e.g., Commonwealth v. Shea, 467 Mass. 788, 798 (2014), quoting Commonwealth v. Conefrey, 420 Mass. 508, 512 (1995) ("specific unanimity instruction indicates to the jury that they must be unanimous as to which specific act constitutes the offense charged"). Although the defendant now contends that the instruction would have been clearer if the judge had used different phrasing, the defendant's speculation that "[s]ome jurors may have [misunderstood] the instruction" lacks support in the record and does not amount to error in the instruction.

---

[7] It also tracked the model instruction on specific unanimity. See Criminal Model Jury Instructions for Use in the District Court, Instruction 2.320 (2013).

6

3. Correctness of prior appeal. As stated, after this court previously affirmed the defendant's conviction on direct appeal, the defendant applied unsuccessfully for further appellate review. To the extent that his motion for a new trial seeks to relitigate the same issues decided in his direct appeal, he is estopped from doing so. See Sena v. Commonwealth, 417 Mass. 250, 260 (1994) (defendants are precluded from relitigating issues "actually litigated" in earlier actions, determined by "final judgment[s] on the merits[,]" when "there [was] some avenue for review of the prior ruling[s] on the issue[s]" [citations omitted]).

4. "Non-consent" by victim of statutory rape. The Supreme Judicial Court has determined that "[a]s a matter of law, a person below the age of sixteen is deemed incapable of consenting to sexual intercourse. Therefore, lack of consent is not an element of the offense" of statutory rape. Commonwealth v. Wilbur W., 479 Mass. 397, 398 (2018), citing G. L. c. 265, § 23; Commonwealth v. Miller, 385 Mass. 521, 522 (1982). Although the defendant asks us to revisit this determination, we are without the authority to do so.[8] See Commonwealth v. Harrington, 74 Mass. App. Ct. 14, 15 (2009), quoting Commonwealth v. Healy, 26 Mass. App. Ct. 990, 991 (1988) ("the

_____

[8] The defendant acknowledges this fact in his brief.

'argument that this court should overrule the Supreme Judicial Court's decision . . . is frivolous, as we lack any such power'").

5. <u>Denial of request for evidentiary hearing</u>.  A judge may properly deny a motion for a new trial without an evidentiary hearing "if no substantial issue is raised by the motion or affidavits."  Mass. R. Crim. P. 30 (c) (3), as appearing in 435 Mass. 1501 (2001).  "In determining whether a substantial issue exists, 'a judge considers the seriousness of the issues raised and the adequacy of the defendant's showing'" (citation omitted).  <u>Upton</u>, 484 Mass. at 162.

On this point, the crux of the defendant's argument is that without an evidentiary hearing, he was precluded from presenting the motion judge with the audiovisual recording of the victim's sexual assault intervention network (SAIN) interview, without which the judge could not appreciate the full value of the victim's statements as impeachment evidence.  We are not persuaded.  When deciding to deny the defendant's motion, the motion judge had portions of the trial transcript before him, in addition to the defense counsel's "Guide to Audio-video Recording of SAIN Interviewer,"[9] and police reports of the

_____

[9] This document appears to be a summary of the portions of the recorded interview that defense counsel viewed as the most powerful potential impeachment evidence.

8

initial victim interview and the victim's SAIN interview.  In this circumstance, we see no reason to question the judge's determination that "the contents of the [SAIN] interview [were] well understood from the existing trial record."

As to the defendant's remaining arguments in support of his motion, in light of our assessment of them, supra, we discern no error or other abuse of discretion in the motion judge's conclusion that the defendant failed to show his entitlement to an evidentiary hearing in this case.  See Upton, 484 Mass. at 162.

Conclusion.  The orders denying (1) the defendant's motion for a new trial and (2) motion for reconsideration of that order are affirmed.

So ordered.

By the Court (Massing, Hand & Smyth, JJ.[10]),

*Paul Little*

Clerk

Entered:  November 5, 2024.

---

[10] The panelists are listed in order of seniority.

9